THOMPSON *v.* THE STATE, on the relation of BEANE.

Prosecution for bastardy. On the cross examination of the relator, she was asked whether she had not, at a given time and place, and in the presence of certain persons, stated, in answer to an inquiry of her mother, that she did not know who was the father of her child, and that no man had ever had sexual intercourse with her to her knowledge : to which she answered, that she had not said so. The defendant then produced the persons in whose presence the alleged statement was made, and inquired of them what they had heard the relator say, at the time and place mentioned, in answer to the inquiry of her mother as to the paternity of her child ; but the Court excluded the testimony. The question was then put to the witnesses in the same form in which it had been put to the relator ; but this was also excluded.

*Held*, that the evidence should have been admitted.

APPEAL from the *Elkhart* Circuit Court.

HANNA, J.—This was a proceeding under the bastardy act.

Two errors are assigned : 1. In excluding evidence ; and, 2. In overruling a motion for a new trial. The evidence is in the record.

This question was asked the relator : "State whether or not on the 13th of *December* last, at the house of *Mark B. Thompson*, in this county, after your child was born, you did not say, in the presence of Dr. *Wm. C. Matchett* and Mrs. Col. *Jackson*, in reply to an inquiry of your mother as to the paternity of your child, that you did not know who was your child's father ; that no man had ever had sexual connection with you to your knowledge ;" to which she answered : "No such conversation took place, I am positive."

*Matchett* and Mrs. *Jackson* were afterward produced, and the defendant offered to prove by them the statement, if any was made, of the relator, at the time and place, and under the circumstances mentioned in the interrogatory.

Upon objection, the evidence was excluded. The question was then propounded to each of them in the form it had been to the witness, and they were asked to state what her answer was to it. Objection was made and their evidence excluded. Was the ruling correct?

The evidence should have been admitted. It is true, the time, being immediately after the birth of the child, might tend to show that any conversation had would not be so certainly recollected by the relator, yet this was a circumstance for the jury to consider. Evidence had been given tending to show her general character for want of veracity. Without her testimony the charge was not supported. What effect this additional evidence would have had with the jury we can not say. We can not determine, therefore, that this error ought not to reverse the judgment.

Upon the second error assigned, we could not reverse the judgment; because the evidence, if true, strongly tends to sustain the verdict. The fact that the relator and defendant had been reared in the same family from early childhood, his father being the husband of her mother, can not out-weigh, if it should have any weight at all, her positive testimony that he was the father of the bastard.

*Per Curiam.* — The judgment is reversed, with costs. Cause remanded, &c.

*J. H. Baker* and *J. A. Liston*, for appellant.