THE STATE, on the Relation of SUMPTER *v.* BARBOUR.

Where, in a prosecution for bastardy, the defendant is discharged, &c., on account of the failure of the relator to appear, the judgment, not being upon the merits, is not a bar to a further prosecution.

The failure of the justice to enter of record a finding that the defendant was the father of the child is of no consequence, where the defendant is recognized.

Saturday,
December 14.

APPEAL from the *Parke* Circuit Court.

PERKINS, J.—Prosecution for bastardy. On *October* 10, 1855, *Jane Sumpter* filed an affidavit with *Warren Harper*, a justice of the peace, charging *Orman Barbour* with having begotten a bastard child of which she had been delivered. The justice issued a writ for *Barbour*, returnable forthwith.

On *February* 19, 1856, it appears by the transcript, the

Nov. Term,
1861.

THE STATE
v.
BARBOUR.

defendant was before the justice upon the writ; and because the prosecuting witness was not present, she having had no notice from the justice of the fact of the defendant being brought before him, the justice discharged the defendant. On *March* 5, following, we learn from the transcript that the defendant was again before the justice, the prosecuting witness being also present, when the justice refused to hear evidence against the defendant. On the 14th of the same month the Circuit Court issued a mandamus compelling the justice to hear the cause. On the 17th of the same month the cause was heard, and the defendant, who was present, was recognized to the *Vigo* Circuit Court, to answer to the charge of bastardy made against him; but a formal judgment that he was the father of the child was not entered by the parties.

The defendant appeared to the action in the *Vigo* Circuit Court, pursuant to his recognizance, and obtained a change of venue to the *Parke* Circuit Court.

In that Court the cause was dismissed because the justice had discharged the defendant on *February* 19, and because on *March* 17 the Court did not enter a formal judgment that the defendant was the father of the child.

There were no grounds for dismissing the prosecution. The judgment of discharge, on *February* 19, was not upon the merits and was no bar to further prosecution, even if it had been pleaded as such. Ind. Dig., p. 181. The informality in the judgment on *March* 17, was of no consequence; the binding over to the Circuit Court implied pretty strongly that the justice considered the defendant guilty, and was a sufficient hint to him to settle with the mother if he desired to. The judgment, had it been formerly entered, would have had no effect in the Circuit Court, where the case was to be tried upon the facts. The recognizing of the putative father is not an appeal from a judgment.

*Per Curiam.* — The judgment is reversed, with costs. Cause remanded, &c.

*C. Y. Patterson*, for the appellant.

*W. Mack, I. N. Pierce* and *E. Glick*, for the appellee.