### ABSHIRE *v.* THE STATE, EX REL. BICKLE.

BASTARDY.—*Finding of Justice of the Peace.*—The affidavit, or complaint, filed before a justice of the peace in a bastardy proceeding, charged that the defendant was the father of a child of which the relatrix had been delivered. The justice found " the said complaint true."

*Held,* that this was, in effect, a finding that the defendant was the father of the child.

SAME.—*Open and Close.*—It was not error to award to the State the close of the argument on the trial of a bastardy proceeding, when the law allowing the defendant in a criminal action the close of the argument was in force.

MOTION FOR NEW TRIAL.—The refusal to award to a party the close of the argument upon the trial of an action, if error, should be assigned as a cause in a motion for a new trial, and cannot constitute an assignment of error on appeal to the Supreme Court.

BASTARDY.—*Attorney's Fees.—Evidence.*—The fees of attorneys employed by the relatrix in a bastardy proceeding cannot be recovered by her in such proceeding, and it is error to allow her on the trial thereof, over the defendant's objection, to introduce evidence to prove the amount of such fees.

From the Wabash Circuit Court.

*A. Taylor* and *F. M. Morgan,* for appellant.

DOWNEY, J.—This was a prosecution for bastardy by the appellee against the appellant. The prosecution was commenced before one J. G. McGuire, a justice of the peace. At the instance of the defendant, there was a change of

venue, and the cause was sent to one William L. Russell, another justice of the peace. Here there was an examination of the relatrix, and the justice of the peace found "the said complaint true." The defendant was recognized to the common pleas.

Omitting the mention of some motions hereafter noticed, the defendant filed a general denial of the complaint; there was a trial by a jury, a verdict against the defendant, a motion for a new trial overruled, and judgment for the State.

There are six errors assigned.

1. It is claimed that the court improperly overruled the motion of the defendant to dismiss the cause, for the reason that there was no finding against the defendant by the justice hearing the charge. The affidavit or complaint charged that the defendant was the father of the child of which the relatrix had been delivered. The justice found that the complaint was true. This was, in effect, finding that the defendant was the father of the child.

2. The court awarded to the State the close of the argument. It is claimed that, as the law allowing a defendant in a criminal action the close of the argument was in force when this cause was tried, this ruling was erroneous. We think not. This is a civil, and not a criminal action. But if this was not so, the objection to the proceeding should have been urged as a reason for a new trial, and not as an independent assignment of errors.

3. It is next urged that the court erred in overruling the defendant's motion for a new trial. The only reason alleged for a new trial in the written motion is, that the evidence was not sufficient to justify the verdict of the jury. The evidence is not in the record, and, therefore, the question is not before us.

4. The next alleged error is the ruling of the court in admitting the testimony of one Williams to enable the court to fix the amount, in part, which should be allowed against the defendant. The child lived less than two months. The court allowed for the nursing, clothing, medical attention,

and funeral expenses of the child, sixty-one dollars. Evidence was offered of the amount of the fees of three attorneys employed by the relatrix, to which the defendant objected. The court overruled the objection, heard the evidence, and allowed the sum of sixty dollars for such fees, making a total of one hundred and twenty-one dollars. A new trial of this matter was asked in a separate motion and refused, and this refusal is assigned as an error.

We are of the opinion that the ruling cannot be sustained. The court is authorized to allow for the " maintenance and education" of the child. 2 G. & H. 628, sec. 15. There is no law, of which we have any knowledge, that authorizes the court to allow against the defendant the fees of attorneys employed by the relatrix. It is not necessary that she should incur the expense of the employment of counsel; for the statute makes it the duty of the prosecuting attorney to prosecute all such cases without expense to her. 2 G. & H. 629, sec. 21.

5 and 6. These assignments do not present any question not already disposed of.

Counsel argue a question with reference to witness fees taxed in favor of the relatrix, but there is no assignment of error raising that question.

The judgment is reversed, as to sixty dollars of the same, being for the attorneys' fees allowed, and as to the residue, being sixty-one dollars, it is affirmed.