## SMITH *v.* THE STATE, EX REL. RAINS.

BASTARDY.—*Waiver of Examination.—Judgment of Justice.—Informality.*— The record of the justice of the peace, before whom a prosecution for

bastardy was instituted, showed that the defendant, upon his arrest and appearance, " waived an examination," and that thereupon the justice re-.quired the defendant " to enter into a recognizance, with security,  * for his appearance at the next term of the circuit court of " the proper county, which he did.

*Held*, on a motion by the defendant in the circuit court to dismiss the action, that he had waived his right to have the relatrix examined before the justice, and that the judgment, though informal, implies a finding that the defendant was the father of the bastard.

From the Pulaski Circuit Court.

*G. Burson, D. Turpie* and *H. D. Pierce,* for appellant.

*W. Spangler,* for appellee.     •

Howk, J.—In this case, the appellee's relatrix filed her verified complaint, before a justice of the peace of Pulaski county, alleging therein that on the 10th day of June, 1875, she was delivered of a bastard child, which was then living, and of which the appellant, Charles E. Smith, was the father. Upon this complaint, the justice issued a warrant for the appellant, which was returned served, with the appellant in custody.

The transcript of the justice, which constituted a part of the record of this cause, contained the following statement of the proceedings before such justice :

" December 15th, 1876. Prisoner in court and waived an examination. Whereupon I ordered him to enter into a recognizance with security, in the sum of four hundred dollars, for his appearance at the next term of the circuit court of said county to answer said accusation, which has been done to the satisfaction of the court."

At the first term of the circuit court, after the justice's transcript had been filed therein, the parties appeared and, on the appellant's affidavit, the cause was continued, and he entered into a recognizance, with security, for his appearance at the next ensuing term of said court.

The appellant then moved the court to dismiss this cause, "because no judgment was rendered by the justice, before whom the action was brought," which motion was over-

ruled by the court, and to this ruling he excepted. At the next term of the court, the appellant moved the court, in writing, for reasons therein stated, to dismiss this cause and strike it from the docket, which motion was overruled by the court, and to this decision he excepted. The cause was then tried by a jury, and a general verdict was returned, to the effect that the appellant was the father of the bastard child of the appellee's relatrix, as charged in her complaint, and ought to stand charged with the maintenance and education thereof. With their general verdict, the jury also returned their special findings as to particular questions of fact, submitted to them by the appellant, under the direction of the court, as follows :

" Ques. 1st. Is not Cynthia A. Cissna the mother of the bastard child mentioned in the affidavit in this cause ?

" Ans. Yes ; she is known as Cynthia A. Rains.

"Ques. 2d. Is not Cynthia A. Cissna the real and true name of the mother of the bastard child, mentioned in the complaint in this cause ?

" Ans. Yes."

The appellant moved the court for a judgment in his favor, on the special findings of the jury, notwithstanding their general verdict, which motion was overruled, and to this ruling he excepted. His motion for a new trial having been overruled, and his exception entered to this decision, the court adjudged, upon the general verdict, that he was the father of the bastard child of the appellee's relatrix, and that he should pay to her, for the use and support of said child, the sum of four hundred dollars, in certain named instalments, payable at certain specified times, with seven per cent. interest on the deferred payments until paid, and that he be committed to the county jail, until, etc.

In this court, the appellant has assigned, as errors, the following decisions of the circuit court :

1. In overruling his motion to dismiss this cause ;

2. In overruling his motion for a judgment in his favor on the special findings of the jury, notwithstanding their general verdict; and,

3. In overruling his motion for a new trial.

In their brief of this cause in this court, the appellant's counsel have not discussed the second and third of these alleged errors, nor any question presented thereby or arising thereunder. These two alleged errors, therefore, under the settled practice of this court, must and will be regarded as waived.

This conclusion leaves for our consideration and decision, in this case, such questions only as, it may be said, fairly arise under or are fairly presented by the first alleged error, the overruling of the appellant's motion to dismiss this cause.

This motion to dismiss was in writing, and the causes assigned therein, for such dismissal, were "that there is no statute authorizing such proceeding, and for the further reason that there was and is no judgment made or entered, in this cause, by or before the justice of the peace before whom this cause was instituted." We do not suppose that, in assigning the first of these reasons for the dismissal of this cause, the appellant's attorneys wished to be understood as assuming the position that there was no statute in force in this State, which authorized a proceeding or prosecution for bastardy. They have not assumed any such position, in their argument of this cause in this court, but they have earnestly insisted and strenuously endeavored to show by argument, that the particular proceeding had in this case, by and before the justice of the peace, was not authorized by the provisions of "An act regulating prosecutions in cases of bastardy, and providing for the support of illegitimate children," approved May 6th, 1852. 2 R. S. 1876, p. 654.

The point is made, and earnestly insisted upon, by the .appellant's counsel, that the transcript of the justice in

this case fails to show that he proceeded to " hear and determine " the complaint of the relatrix, or that, upon the " hearing," he adjudged the appellant to be the father of the child of the relatrix; that, in the absence of such a showing, it must be presumed that the justice did not " hear and determine such complaint," and did not, " on hearing, adjudge the defendant to be the father of such child ; " and that, until and unless these things had been done by the justice, he could not lawfully order and require the appellant to give bond with surety, conditioned for his appearance at the next term of the circuit court to answer the complaint of the relatrix, and could not lawfully transmit such bond, with a transcript of his proceedings and the other papers in the cause, to the clerk of such circuit court. From these premises. counsel argue, with some plausibility, that the circuit court could not and did not acquire jurisdiction of this cause, and that, for this reason, the appellant's motion to dismiss the case ought to have been sustained.

It seems to us, however, that the premises of counsel are faulty and untenable, and, of course, their conclusion therefrom is unreliable and can not be sustained. It may be conceded that the transcript of the justice is informal, and that his proceedings in this case, as they appear in his transcript, were equally informal and out of the ordinary course, in such cases. But enough is stated in the transcript, as it seems to us, to give validity to the proceedings of the justice. It was stated therein, as we have seen, that the appellant " waived an examination." By this statement it must be understood, we think, that he waived the examination of the relatrix, and the reduction to writing of her testimony, as is usual in such cases and provided for in the statute. It is said by counsel, that the appellant could not waive the examination of the relatrix, but in this we think that counsel are mistaken.

It would seem from section 7 of the statute, that the chief, if not the only, purpose of the written examination of the mother of the child, before the justice, is to furnish the defendant with the means of impeaching her on the trial of the cause in the circuit court; for it is made the duty of the justice to return her written testimony, with the other papers in the case, to the circuit court, " to be used by either party to sustain or impeach the testimony of such witness." 2 R. S. 1876, p. 657.

Surely, the defendant might, if he wished, waive such examination of the mother of the child, for such purpose. The closing sentence of this section 7 of the bastardy act reads as follows :

"The failure of the justice so to do," (that is, to reduce the testimony of the mother to writing, or to return the same to the circuit court,) " shall not be ground of dismissal in the circuit court, but such justice shall recover no fees in such case."

So that it would seem, that if the justice failed to make the examination of the mother, as required by the statute, or to return such examination to the circuit court, neither failure would be ground of dismissal in that court.

From the appellant's waiver of an examination on the complaint in this action, it seems to us that the justice was justified in finding and adjudging that the appellant was the father of the bastard child of the relatrix; and that he did so find and adjudge is sufficiently implied, if not expressed, in his order that the appellant should give bond, with security, for his appearance in the circuit court. The State, ex rel., v. Barbour, 17 Ind. 526 ; Abshire v. The State, ex rel., 52 Ind. 99.

In our opinion, the court committed no error in overruling the appellant's motion to dismiss this cause.

The judgment is affirmed, at the appellant's costs.