No. 8750.

HAYS *v.* THE CITY OF VINCENNES.

CITIES.—*Opening Streets.—Appeal.—Statute Construed.*—The act of March 17th, 1875, 1 R. S. 1876, p. 318, in relation to laying out streets, etc., is amendatory and supplemental to chapter 12 of the general law concerning cities, of March 14th, 1867, 1 R. S. 1876, p. 267, and proceedings on appeal from the opening of streets are regulated by the former act.

SAME.—*Record.—Demurrer.*—In a proceeding, under the act of March 17th, 1875, 1 R. S. 1876, p. 318, for widening a street, a demurrer to the transcript, for want of sufficient facts, is not permissible on appeal, but the specific grounds of objection, if apparent on the face of the record, must be stated in the demurrer, and matters of fact not so apparent must be pleaded.

SAME.—*Description of Street by Course and Distance.*—It is not necessary that the resolution of the common council of a city for the widening of an existing street describe the street by course and distance, or state " of what it consists" or " from whom or whence taken." It is enough if the location and extent of the proposed change be well stated.

SAME.—*Report of Commissioners.—Description of Property.—Names of Owners.*— In such proceeding, the report of the city commissioners must be certain and definite in respect to the names of owners and value and description of property taken as well as of that upon which damages or benefits have been assessed. " The remainder" of a lot from which a specified part has been taken, is a good description.

SAME.— *Order of Appropriation.*—An order of the common council for the appropriation of a strip thirty-one feet wide, from the south side of a lot next to the street to be widened, "so as to make the said street fifty feet in width," is not indefinite.

SUPREME COURT.—*Evidence.—Practice.*—On appeal to the Supreme Court, no objection to the admission of evidence can be urged, which was not made in the court below.

NEW TRIAL.— *Motion for.— Evidence.— Objection to.— Waiver.— Practice.—* No objection to the admission of evidence, which was not suggested when the evidence was offered, can be made available as a cause for a new trial, either in the court below or on appeal, and the statement of such objection in the motion for a new trial constitutes a waiver of other objections not stated in the motion, although properly suggested to the court when the evidence was offered.

BILL OF EXCEPTIONS.—*Statement of Testimony.*—It is not proper to state in a bill of exceptions, made for the purpose of showing the evidence, what was *proven* by a witness. His testimony should be given as delivered, as nearly as practicable.

From the Knox Circuit Court.

*W. F. Pidgeon,* for appellant.

*H. S. Cauthorn* and *J. M. Boyle,* for appellee.

WOODS, J.:—Proceedings under the act of March 17th, 1875, 1 R. S. 1876, p. 318, for the purpose of opening and widening Tecumseh street, in the city of Vincennes. The appellant here, who was also the appellant in the circuit court, has assigned error upon the overruling of his demurrer to the complaint; that is to say, to the transcript of the proceedings of the city council in the matter, which, on appeal, is treated as the complaint, upon the overruling of his motion for a new trial, and upon the judgment against him for costs.

The demurrer filed by the appellant is for the general reason that the complaint does not state facts sufficient, appended to which is a specific statement of two objections, namely: *First.* That the resolution of the common council for the making of the appropriation, "does not describe Tecumseh street, of what it consists, from whom and from whence taken, its beginning, course, distance and termination, nor does it show that any such street has ever been laid out of any definite width or length, its course or distance, nor the names of owners of the land of which said Tecumseh street is to be made, but is uncertain, indefinite and invalid. *Second.* That the commissioners do not describe and value that portion of lot 1 in Allen's addition to the city of Vincennes appropriated,

and the remainder not appropriated, specifying the same in parcels with the names of the owners, as in sec. 63 provided."

The appellant excepted to the overruling of this demurrer, and, by leave of the court, filed an answer in two paragraphs, the first being to the effect that Tecumseh street, so called, was not a public street, but private property, and the second a claim for damages on account of the proposed widening; upon which answers the appellee joined issue of fact, which was tried by the court, resulting in a finding and judgment, whereby the proceedings of the city council were in all things sustained.

The practice in cases of appeal from such proceedings is defined by the provisions of the act referred to, which must be regarded as amendatory of and supplemental to the provisions of chapter 12 of the general law of cities, approved March 14th, 1867. 1 R. S. 1876, p. 267.

The following provisions are relevant here:

"Sec. 14. If any person having an interest in the lands, affected by such proceedings, shall deem himself aggrieved thereby, he may appeal. * * * Upon such appeal may be tried the regularity of the proceedings of the commissioners, and the questions as to the amount of benefits or damages assessed. * * The city clerk shall * * make a transcript, of the proceedings. * * * After filing of the said transcript, * * * * the appellant shall, in writing, state specifically the grounds of his objection to the proceedings of the common council and commissioners, and [no] other questions shall be tried or heard, except such as are with certainty to a common intent presented by the aforesaid written statement filed by such appellant. * * The transcript of the proceedings of the common council and commissioners shall be considered as the complaint, and the written statement to be filed by the appellant, as aforesaid, shall be in the nature of an answer or demurrer. Issues of law and of fact may be formed, tried and determined as in other actions at law. The question as to whether notice was

given others, or as to whether proper assessments were made in favor of or against persons other than the appellant, shall not be tried, nor shall any question be tried which does not directly affect the property or right of the person or persons, who take the appeal as aforesaid."

It is evident from these provisions that a demurrer for the general cause that the complaint does not state facts sufficient is not permissible, but the specific grounds of objection to the proceedings must be stated in the demurrer, if apparent on the face of the transcript, and if they consist of matters of fact not apparent in the record, they must be specially pleaded.

So far, therefore, as the brief of the appellant, under the ruling upon the demurrer, has touched upon matters not specifically stated in the demurrer, it must be deemed irrelevant. As to the particular objections stated they are not, so far as material, true in fact. Both in the original and in the amended resolution of the common council, the position of Tecumseh street, if a mere reference to it by name would not have been enough, was sufficiently defined as being "on the line between Upper Prairie Survey, Nos. 7 and 8, being also between Judah's addition and McCord's and Smith's addition to said city on the southwest, and Allen's addition, Ellis' addition to said city, part of Upper Prairie Survey, No. 8, on the northeast, * * from St. Louis street to the Indianapolis road, a distance of 289 feet;" and the property of the appellant which it was proposed to appropriate was well described as "a strip of ground, thirty-one feet in width, the entire length, off the southwest side of lot No. 1, in Allen's addition to said city, so as to make the said street fifty feet in width."

There is nothing in the law which expressly or by fair implication requires that the resolution of the common council should specifically describe, by course and distance, the street which it is proposed to vacate, or alter by widening or otherwise, or to state "of what it consists" or "from whom or

whence taken." If in such case the location and extent of the proposed change are well stated, it would seem to be enough in this respect. If it was a proposition to open a new street entirely, its location of course ought to be specifically defined.

As to the names of owners, the value and description of the property taken, as well as that upon which damages or benefits are assessed, the law requires the report of the commissioners to be definite and certain; and such was their report in this instance, which described said lot No. 1, in Allen's addition to the city, as belonging to the appellant, naming him; assessed the value of the portion taken which is described; and to "the remainder" of the lot reported a benefit in a sum named. "The remainder" of a lot from which a specified portion has been taken, is a good enough description.

It is argued that because the width and exact location of Tecumseh street are not stated in the proceedings, the description of the land appropriated is made uncertain, on account of the phrase, "so as to make the said street fifty feet in width." That phrase, however, constitutes no part of the description of the part of the lot to be appropriated, which is defined as "a strip of ground thirty-one feet in width," etc. That much and no more nor less was appropriated. The purpose was thereby to make the street fifty feet wide, but whether that should be accomplished was not of the essence of the procedure, and could not affect its validity or certainty.

One of the reasons for a new trial is the alleged error of the court in admitting a certain map or plat of the city of Vincennes, over the objection of the appellant, that it was not the original plat of Allen's addition.

The objection made at the time the map was put in evidence was its immateriality, and that Tecumseh street did not appear on it. The appellant can urge upon appeal only such objections as were made in the court below. *Bruker* v. *Kelsey,* 72 Ind. 51.

It would, doubtless, have been sufficient in the motion for a new trial to have specified the admission of the evidence as the irregularity complained of, without specifying the grounds of objection, and this would have required the court to reconsider such objections as were properly made at the time of the ruling; but, by stating in his motion for a new trial a particular ground of objection, the appellant waived all others, and the one stated, not having been made at the proper time, is not available. We may add that under act of December 27th, 1872, 1 R. S. 1876, p. 346, the evidence seems to have been competent.

The admission of oral testimony tending to show the existence of Tecumseh street by user is also made a cause for a new trial, but the record fails to show any objection to the introduction of this evidence, and consequently no question is presented.

It is doubtful whether the bill of exceptions is a proper one to show the evidence in the case. Instead of professing to state the testimony of the witnesses, it says: "The plaintiff introduced A. B. as a witness, and proved by him that," etc., and so of most of the witnesses examined in the case. It is proper to certify in a bill what was the testimony of a witness, but not to state, unless by agreement of the parties, what was proven.

We find no error in the record.

Judgment affirmed, with costs.