Mobley *v.* State, *ex rel.* Swan.

No. 8820.

MOBLEY *v.* STATE, EX REL. SWAN.

BASTARDY.—*Transcript of Justice.*—The transcript of the proceedings before a justice of the peace, in a bastardy case, need not contain a copy of the charge.

SAME.—*Verdict.*—*Venire de novo.*—A general verdict in bastardy proceedings for the plaintiff, "and that the defendant is the father of the bastard child," is good against a motion for a *venire de novo.* It implies that the child was born alive.

PRACTICE.—*Special Instruction.*—If a party desires a special instruction, going beyond one given, which is good as far as it goes, he must request it; otherwise he can not complain of the one given.

SAME.—*Questions, How Presented on Appeal.*—An appellant can not, in the Supreme Court, raise questions, nor urge grounds of objection or exception, which were not presented to the trial court.

From the Monroe Circuit Court.

*J. W. Buskirk* and *H. C. Duncan,* for appellant.

*J. R. East, W. H. East, J. H. Louden* and *R. W. Miers,* for appellee.

WOODS, J.—Bastardy. The appellant moved, in the circuit court, to dismiss, for a *venire de novo,* for a new trial, and in arrest of judgment, and also demurred to the complaint, and has assigned error on the adverse rulings of the court in these particulars.

It is claimed that the demurrer and the motions in arrest and to dismiss should have been sustained, because the transcript of the proceedings before the justice of the peace contains no charge against the appellant; and this, particularly, because the complaint which was filed before the justice, was not copied into the transcript. It is insisted that the circuit court obtains jurisdiction in such a case, only by the filing of the transcript, and that a transcript, which does not contain a copy of the charge, does not confer jurisdiction.

We find nothing in the statutes to warrant or require so technical a practice as is contended for. In section 4 of the bastardy act, the justice is required to " transmit such

bond, together with the transcript of his proceedings and the other papers in the cause." In section 7, it is required that the mother's testimony " be returned to the circuit court with the other papers." In section 9, the requirement is to " transmit the papers and a transcript of such judgment." R. S. 1881, sections 981–4–6. The plain meaning is that there shall be a transcript of the proceedings and judgment of the justice, in the case, but as to the testimony of the mother, which must be reduced to 'writing, and other papers, the originals shall be transmitted.

It has been held that, notwithstanding it is the duty of a justice to enter of record, in a civil case, "a copy of the cause of action," the failure to do so will not affect the validity of the judgment rendered thereon. *Reed* v. *Whitton*, 78 Ind. 579.

It is also claimed that the circuit court did not get jurisdiction, because the transcript does not show a judgment by the justice of the peace that the appellant was the father of the child. This point is not before us because not suggested in the court below. The record shows what reasons were suggested below, and none others, therefore, are available here. *Bruker* v. *Kelsey*, 72 Ind. 51; *City of Huntington* v. *Breen*, 77 Ind. 29; *Hays* v. *City of Vincennes*, 82 Ind. 178. But see, on the point, *State, ex rel.*, v. *Barbour*, 17 Ind. 526; *Abshire* v. *State, ex rel.*, 52 Ind. 99; *Smith* v. *State, ex rel.*, 67 Ind. 61.

The verdict was general for the plaintiff, " and that the defendant is the father of the bastard child." The objection pointed out in the motion for a *venire de novo* and urged here is, that it does not state whether the child was born alive. *Canfield* v. *State, ex rel.*, 56 Ind. 168, is cited.

In the case referred to it was held that an express finding, that the child was "still-born," did not support the charge in the complaint that the relatrix had been " delivered of a bastard child;" but the general finding for the plaintiff in the case before us, coupled with the specific finding that the

defendant was "the father of the bastard child," clearly makes a good verdict.

The court gave to the jury the following instruction : "You have heard the statements of the relatrix and the evidence tending to show that the defendant had opportunities for intercourse with her ; and you have also heard the evidence of the witnesses tending to show that parties other than the defendant had intercourse with her about the time the child was begotten ; you may consider these circumstances in determining whether the defendant is the father of the child."

It is insisted that the effect of this instruction, taken altogether, " was to say to the jury, if the evidence shows that others than the defendant had had intercourse with the relatrix about the time the child was begotten, that would be only a circumstance to be considered," etc. ; whereas such intercourse with others, as counsel claim, was an absolute defence.

The instruction, however, was clearly right as far as it went ; and if a further instruction, in the direction indicated, was desired, it should have been specially requested and exception taken to the refusal, in order to bring the question here. This is the familiar rule.

We find no error in the record.

Judgment affirmed, with costs.