Garber *et al. v.* The State.

Filed March 14, 1884.

---

No. 11,395.

GARBER ET AL. *v.* THE STATE.

CRIMINAL LAW.—*Larceny.*—*Indictment.*—An indictment for the larceny of "divers goods and chattels of G. G., to wit," enumerating the goods, sufficiently charges the ownership of the goods.

PRESUMPTION.—*Age.*—In the absence of evidence the presumption is that a person is an adult.

INSTRUCTIONS.—An instruction is not erroneous merely because it does not give all the law connected with the matter to which it relates.

From the Clinton Circuit Court.

*A. E. Paige* and *S. O. Bayless*, for appellants.

*F. T. Hord*, Attorney General, and *W. B. Hord*, for the State.

NIBLACK, J.—The appellants Sarah H. Garber and Annie Lambert were, at the November term, 1883, of the court below, indicted, tried and, by a jury, found guilty of petit larceny, and, a new trial being refused, they were, in accordance with the verdict, adjudged to pay a fine of one dollar each, and to be imprisoned in the penal department of the Indiana Reformatory Institution for Women and Girls for the term of one year.

Error is assigned upon the alleged insufficiency of the indictment, and upon the refusal of the court to grant a new trial.

The indictment charged " that Sarah H. Garber and Annie Lambert, on the 30th day of October, 1883, at said county of Clinton and State of Indiana, did then and there unlawfully and feloniously steal, take and carry away divers goods and chattels of one Gottlieb Gatz, to wit: Eighteen yards of lace, of the value of $2.25," and other enumerated articles of merchandise, all " being then and there of the aggregate value of $9.25."

The only objection urged to the indictment is that it does not charge in direct terms that the articles taken were the property of Gatz, and that in respect to the ownership of the property the indictment is too uncertain.

In the respect complained of, the indictment is substantially in the usual form, and is, consequently, sufficient. *King v. State*, 44 Ind. 285; Bicknell Crim. Pr. 324; Indiana Crim. L. 76; Moore Crim. L., p. 895.

It is insisted that the evidence did not show Mrs. Garber to be over fifteen years old, and that on that account the verdict was not sustained by sufficient evidence.

In the first place, no question seems to have been directly made at the trial upon the ages of the appellants, and in the

absence of any evidence on the subject, the presumption would have been that both were adults. *Palmer* v. *Wright,* 58 Ind. 486. It, however, came out at the trial that Mrs. Garber had a son then eight years old, and that circumstance was, we think, quite sufficient to raise the presumption that she was over fifteen years old.

It is lastly complained that the court erred in giving instruction known as No. 1, on its own motion.

That instruction set out literally sections 1934, 6176 and 6177, R. S. 1881, merely adding, "And said Reformatory Institution is now open for the reception of prisoners."

The objection made to this instruction is that the court did not copy and read in connection with it section 6179 of the same statutes; that the omission to call the attention of the jury to this last named section had the effect of sending the cause to them without full instructions as to the law governing every phase of it, and that hence the omission was injurious to the appellants.

The objection that an instruction did not contain as much as it might have included, is not, ordinarily, an available objection in this court. If the court fails to instruct the jury in some material respect, it is the duty of the party feeling himself aggrieved to ask an instruction covering the omitted point, and in case of refusal to reserve his exceptions. *Adams* v. *State,* 65 Ind. 565; *Reissner* v. *Oxley,* 80 Ind. 580; *Dyer* v. *Dyer,* 87 Ind. 13.

In this case the instruction complained of stated the law correctly so far as it assumed to state it, and was applicable to the evidence. It can not, therefore, be held to have been, in any respect, an erroneous instruction.

The judgment is affirmed, with costs.

Filed March 25, 1884.