Filed June 27, 1885.

---

No. 11,684.

## HARPER v. STATE, EX REL. ADAMSON.

NEW TRIAL.—*Newly Discovered Evidence.—Bastardy.—Impeaching Evidence. —Admissions of Party.—Practice*.—Statements of the mother of a bastard child, some time after its birth, as to the identity of its father, can be used as impeaching evidence only in a bastardy proceeding, and not as an admission by a party to the action, and, therefore, will not, as a general rule, as newly discovered evidence, constitute cause for a new trial.

SAME.—*Cumulative Evidence.*—A new trial will not be granted upon the ground of newly discovered evidence, when such evidence is merely cumulative.

SAME.—*Affidavits.*—*Practice.*—*Supreme Court.*—When newly discovered evidence is relied upon as a cause for a new trial, the affidavits supporting it must appear in the record in order to present any question in relation thereto in the Supreme Court.

SAME.—*Misconduct of Jurors.*—*Presumption.*—In the absence from the record of affidavits or other evidence tending to establish misconduct on the part of jurors, which is alleged as cause for a new trial, the Supreme Court will presume that the trial court did right in disregarding the same.

SAME.—*Want of Certainty.*—Where jurors, against whom misconduct is charged as a cause for a new trial, are not named or otherwise particularly identified, the charge is too indefinite.

INSTRUCTIONS.—*Preponderance.*—*Practice.*—When the jury are instructed that a preponderance of the evidence is necessary to entitle the plaintiff to recover, the inference is that if the evidence is equally balanced the verdict should be for the other side, and such instruction is not erroneous because it does not expressly state such proposition.

SAME.—An instruction which states the law correctly as far as it purports to go, is not erroneous because it might have gone further.

SAME.—*Bastardy.*—*Paternity of Child.*—*Harmless Error.*—Where, in a trial for bastardy, all the facts essential to a recovery are established by uncontradicted evidence, and practically conceded, except that of the paternity of the child, an instruction which directs the attention of the jury to that question specifically, is harmless to the defendant.

WITNESS.—*Effect of Contradiction on Collateral or Immaterial Matter.*—Where a witness is contradicted on some merely collateral or immaterial matter in a cause, his testimony as to material facts ought not, on that account, to be wholly disregarded.

From the Harrison Circuit Court.

*J. H. Stotsenburg, D. W. Lafollette* and *W. W. Tuley,* for appellant.

*W. N. Tracewell, R. J. Tracewell* and *M. W. Funk,* for appellee.

NIBLACK, J.—This was a prosecution, in the name of the State, and on the relation of Laura Adamson, against Abraham Harper for bastardy.

A jury found that the relatrix had been delivered of a bastard child, and that the defendant was its father, as charged.

Numerous unavailing causes for a new trial were assigned and judgment followed upon the verdict.

The testimony of the relatrix and of the defendant respectively was irreconcilably conflicting, and very much of the evidence on both sides was either of an impeaching or a contradictory character.

Two of the causes assigned for a new trial were for newly discovered evidence. The first of these causes claimed that the defendant could prove by one Anna Denhart that a few weeks after the child was born the relatrix told her that one Gray was, and that the defendant was not, its father. Mrs. Denhart was alleged not to be a resident of the State when the motion for a new trial was made, and that circumstance was offered as an excuse for not filing her affidavit in support of the motion. Waiving all other objections to this cause for a new trial, it is sufficient to state that proof of such a fact as that proposed to be established by Mrs. Denhart has heretofore been treated by this court, and we think correctly, as impeaching evidence only, and hence not as an admission by a party to the action (*Thompson* v. *State, ex rel.*, 15 Ind. 473; *Dailey* v. *State, ex rel.*, 28 Ind. 285; *Tholke* v. *State, ex rel.*, 50 Ind. 355), and that, as a general rule, a new trial will not be granted simply to enable a party to impeach a witness. *Tholke* v. *State, supra; Evans* v. *State*, 67 Ind. 68; *Wall* v. *State, ex rel.*, 80 Ind. 146. There is nothing apparent in the present case to take it out of that general rule. The relatrix had been examined at great length at the preliminary trial before the justice in whose court the prosecution was instituted. There had been also a previous trial in the circuit court at which the jury had failed to agree. The general features of the cause must, therefore, have been familiar to the defendant when he entered upon the last trial. Then, too, several conversations with the relatrix similarly inconsistent with her testimony had been sworn to at the trial. The proposed testimony of Mrs. Denhart would, consequently, have been merely cumulative evidence, for which a new trial will not

be granted.    *Rains* v. *Ballow*, 54 Ind. 79 ; *Dodds* v. *Vannoy*, 61 Ind. 89.

The next cause for a new trial claimed that the defendant had discovered that the relatrix had also told one Fox that Gray was the father of the child, and that Fox would so swear if the cause should be again tried.    But what we have said as to the insufficiency of the proposed newly discovered evidence of Mrs. Denhart, applies with equal force to this cause for a new trial.    Besides, the affidavit of Fox, referred to as supporting this cause for a new trial, is not contained in or authenticated by the bill of exceptions, or otherwise made a part of the record.    *Myers* v. *State*, 92 Ind. 390; *Applegate* v. *Baxley*, 93 Ind. 147.    It follows that the circuit court did not err in overruling the motion for a new trial on account of newly discovered evidence.

Subsequent causes for a new trial charged misconduct on the part of three jurors during the trial, on one at one time, and on the remaining two at another, but there is no affidavit or other evidence in the record tending to establish the fact that any member of the jury was guilty of misconduct at the trial.    We must, therefore, assume that the circuit court did right in disregarding the charges of misconduct against the jurors in question.    Buskirk Pr. 254.    Moreover, two of the jurors, to whom certain misconduct was imputed, were not named, or otherwise particularly identified, and for that reason the charge was too indefinite as to them.

The first instruction given by the court told the jury, amongst other things, that this was a civil action, and that the facts charged in the complaint must be established by what seemed to their minds to be a preponderance of the evidence to entitle the plaintiff to a verdict ; that by certain rules, carefully enumerated and defined, they were to determine on which side the weight or the preponderance of the evidence was to be found.

It is argued that this instruction was erroneous, because it did not also inform the jury that where the evidence was

evenly balanced, the verdict should be for the defendant, and because from the concluding part of it the jury might reasonably have inferred that a preponderance of evidence on the side of the defendant was necessary to defeat the action. When, however, the jury were told that a preponderance of the evidence on that side was necessary to entitle the plaintiff to a verdict, the plain inference was that if the evidence was equally balanced, the verdict would have to be for the other side.

While the concluding part of the instruction, which again referred to the weight or preponderance of the evidence, was not as carefully worded as it might have been, it did not materially break the force of that which preceded it, but left unmodified the proposition that a preponderance of evidence was required to enable the plaintiff to recover.

It is objected that the third instruction was confused and unintelligible, and hence misleading, but no specific reason is assigned in support of this objection, and hence no question is presented upon that instruction.

In its fourth instruction the court said, that " The jury, in determining the questions of fact in this case, should take into consideration the entire evidence introduced by the respective parties, but the jury are at liberty to disregard the statements of all such witnesses, if any there be, as have been successfully impeached, either by direct contradiction or by proof of having made contradictory statements at other times, or by proof of general bad reputation for truth and veracity in the neighborhood where they live, except in so far as such witnesses have been corroborated by other credible evidence, or by facts or circumstances proved on the trial."

It is claimed that this instruction was erroneous for not stating that a witness, contradicted by inconsistent conversations at other times, might not be effectively corroborated by proof of previous consistent statements. But the instruction was correct as far as it purported to go, and we have

Vol. 101.—8

frequently decided that an instruction which states the law correctly to that extent will not be held to be erroneous because it might have gone further. *Garber* v. *State*, 94 Ind. 219.

The fifth instruction was as follows: "There seems to be no serious dispute between the parties as to the fact that the relatrix has been delivered of a bastard child, but of this fact you are to be the sole judges from the evidence. If she has been delivered of the bastard child mentioned in the complaint, * * * then there is but one fact left under the issues for your determination, and that fact is whether the defendant is the father of the child."

It is insisted that this instruction did not state the issues between the parties broadly enough; that there were other incidental and collateral matters, not referred to, which, under the issues, the jury were required to pass upon.

The instruction was not, perhaps, as aptly constructed as it might have been, but, as applicable to the evidence, it, in any event, did the defendant no injustice.

The only question seriously controverted at the trial was that of the paternity of the child. All other facts essential to a recovery in the action were established by uncontradicted evidence, and were practically conceded at the trial. *Carver* v. *Carver*, 97 Ind. 497.

Complaint is also made of the seventh instruction given to the jury. There may be some obscurity in the phraseology of that instruction, but we construe the instruction to have meant that where a witness is contradicted on some merely collateral or immaterial matter in a cause, his testimony as to material facts ought not, on that account, to be wholly disregarded, and, as thus construed, we see no objection to the instruction. 1 Greenleaf Ev., section 462.

The judgment is affirmed, with costs.

Filed April 1, 1885; petition for a rehearing overruled June 25, 1885.