# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1889, IN THE SEVENTY-
FOURTH YEAR OF THE STATE.

---

No. 13,793.

## McCoy *v.* The State, ex rel. Trucks.

APPEAL.—*From Justice of the Peace.—Bastardy.*—The State may appeal from the judgment of a justice of the peace discharging the defendant in a bastardy proceeding.

SAME.—*Perfected.—Ratification.—Jurisdiction.*—Where an appeal has actually been perfected, no matter by whom, the court acquires jurisdiction of the case, and if the prosecuting attorney, or his deputy, appears in the circuit court and prosecutes the appeal to final judgment, that amounts to an adoption or ratification of the act of the person who took the appeal.

SAME.—*Justice of the Peace.—Finding.—Judgment.*—Where a finding by the justice of the peace in a prosecution for bastardy that the evidence is insufficient to support the verdict, is followed by a judgment that the defendant be discharged, the judgment is a final one, and from it an appeal may be taken.

BILL OF EXCEPTIONS.—*Date of Presentation.—Endorsement.*—An endorsement on a bill of exceptions showing the date of its presentation is not equivalent to stating the date of its presentation in the bill as required by statute.

From the Delaware Circuit Court.

(160)

*D. F. Taylor, R. S. Gregory, A. C. Silverburg* and *R. H. Hartford,* for appellant.

*W. A. Thompson, A. O. Marsh* and *J. W. Thompson,* for appellee.

MITCHELL, C. J.—This is an appeal from a judgment in which it was found and adjudged that the appellant was the father of a bastard child begotten by him of the body of the relatrix, and in which it was also adjudged that he pay a specified sum to secure the maintenance and education of the child. At the preliminary hearing the justice of the peace before whom the proceedings were instituted, found that the defendant " was not proven to be the father of the bastard child," and " adjudged that he be discharged." Thereupon, the record of the justice continues, " Thomas Bosworth, on the part of the State, moved for an appeal to the Jay Circuit Court."

In the circuit court the defendant moved that the appeal be dismissed, on the ground that Thomas Bosworth was neither the prosecuting attorney nor in any manner authorized to act as his deputy, and that the appeal had therefore been taken without competent authority.

It is objected that the court erred in overruling this motion. The motion was properly overruled. It is settled that the State may appeal from the judgment of a justice of the peace discharging the defendant in a bastardy proceeding. *Morris* v. *State, ex rel.,* 115 Ind. 282, and cases cited.

Where an appeal has actually been perfected, no matter by whom, the court acquires jurisdiction of the case, and if the prosecuting attorney, or his deputy, appears in the circuit court, and prosecutes the appeal to final judgment, that amounts to an adoption or ratification of the act of the person who took the appeal. *Unruh* v. *State, ex rel.,* 105 Ind. 117.

Assuming that the appeal was taken at the instance of the

relatrix, upon the motion of counsel employed by her, since the prosecuting attorney recognized what had been done, and resisted the motion to dismiss the appeal, the defendant does not occupy a position which entitles him to assert that the appeal had been taken without the authority of the prosecuting attorney. It is further insisted that the motion to dismiss should have been sustained, because the justice of the peace failed to render a final judgment. The record of the justice shows, however, that he did render a final judgment. After finding the evidence insufficient to sustain the charge that the defendant was the father of the bastard child, it was "therefore adjudged that he be discharged." The finding was to the effect that the defendant was not guilty. This was followed by a judgment that he be discharged. *Askren* v. *State, ex rel.*, 51 Ind. 592.

This was a proper judgment, and one from which an appeal might be taken.

Various other questions are made challenging the propriety of rulings of the court in refusing to give certain instructions asked on the appellant's behalf, and in admitting and excluding evidence offered during the progress of the trial. It is contended that the bill of exceptions, purporting to contain the evidence, is not properly in the record.

While we have examined the several questions thus presented, and do not find any error in the rulings complained of, we do not state each of the questions made, because the record is in such a condition that none of the questions referred to are properly presented. The questions relating to the refusal of the court to give the instructions asked are not presented under rule 30, as might well have been done, accompanied by a statement of the judge that there was competent evidence material to the point covered by the instructions, nor is the bill of exceptions, which purports to contain the evidence, properly in the record.

The statute, section 629, R. S. 1881, which regulates the

signing and filing of bills of exceptions, contains certain mandatory requirements, viz., that " the party objecting *must,* within such time as may be allowed, present to the judge a proper bill ·of exceptions," and that " the date of the presentation *shall be stated in* the bill of exceptions." *Rigler* v. *Rigler,* 120 Ind. 431.

There is nothing in the bill of exceptions to show the date of its presentation to the presiding judge. We find in the transcript, following the bill of exceptions, and below the signature of the judge thereto, this statement : " Endorsed on said bill of exceptions is the following, viz. : ' Presented Dec. 7th, 1886. Orlando J. Lotz, Judge.' " This statement in the transcript was presumably made by the clerk, but this can not be regarded as a part of the record, and if it should be so regarded, still an endorsement on a bill of exceptions showing the date of its presentation, is not equivalent to stating the date of its presentation in the bill. As we have seen, the requirement of the statute is that the date of the presentation shall be stated in the bill. *Buchart* v. *Burger,* 115 Ind. 123 ; *Orton* v. *Tilden,* 110 Ind. 131 (139).

The judgment is affirmed, with costs.

Filed Nov. 25, 1889.