Gross *v.* Haisley *et al.*, Executors.

No. 159.

### GROSS v. HAISLEY ET AL., EXECUTORS.

PRACTICE.— *Newly-Discovered Evidence.—Affidavit.—* Affidavits relating to newly-discovered evidence, found in the transcript, following the motion for a new trial, but not made part of the record by a bill of exceptions, or order of court, will not be examined on appeal.

SAME.—*Evidence.— Objections.—Appeal.—*Where evidence is introduced over objection, only the objection stated in the court below will be considered on appeal.

From the Grant Circuit Court.

*G. W. Harvey* and *H. J. Paulus*, for appellant.

*H. Brownlee*, for appellees.

BLACK, J.—This was a claim against a decedent's estate. The overruling of a motion for a new trial made by the claimant, the appellant, is assigned as error.

One of the grounds of the motion was the alleged discovery of new evidence. In the transcript, following the motion for a new trial, are affidavits relating to newly-discovered evidence, but they are not made part of the record by a bill of exceptions or order of court; therefore, they can not be examined by us with a view to the determination of the question of their sufficiency. *Marks* v. *Jacobs*, 76 Ind. 216; *Harrison School Tp.* v. *McGregor*, 96 Ind. 185; *Harper* v. *State, ex rel.*, 101 Ind. 109; *Jerauld* v. *Watkins*, 1 Ind. App. 466.

The claim was based upon an alleged contract between the testator and the appellant, whereby it was agreed that the latter should labor for the former; and that he, by way of compensation for such labor, should make provision in his last will and testament by bequeathing and devising property to the value of such service. It was alleged that the appellant entered upon said service and labored for the testator during the years 1872 and 1878, and the intervening years, which service was averred to be of the value of

twelve hundred dollars.  And it was alleged that the testator died without making any bequest or compensation for said service in his will, and that he made no devise or bequest whatever for the appellant.

The evidence showed that the appellant was received by the testator from a children's home, situated at Cincinnati, Ohio, when the appellant was about nine years old, in the year 1869, and that until he was about eighteen years of age he lived with the testator on his farm.

A written instrument purporting to have been executed by the testator to said children's home, dated December 20th, 1869, and a statute of Ohio of 1863, concerning children's homes, are shown to have been offered in evidence.   It does. not expressly appear that they were introduced in evidence, but it is shown that objections to them were made by the appellant, that the objections were overruled, and that he excepted to the rulings.

The objection to the statute stated to the court was " because there has been no sufficient proof that it is the law of Ohio at the present time."

The  trial was in 1889, almost twenty years after the appellant was received from the children's home by the testator.   If the statute was not a law of Ohio at the time of the trial, that certainly would be no good reason for refusing to admit it in evidence.

Whether the objection urged in this court, that the statute was not properly authenticated, would have been a good ground for rejecting it, or whether for any other reason it would have been proper to exclude it, is immaterial; for if we might treat it as evidence introduced over objection, we could consider only the objection stated to the court below. City of Huntington v. Breen, 77 Ind. 29 ; Mobley v. State, ex rel., 83 Ind. 92.

There was a total failure to prove the contract alleged in the statement of the appellant's claim.   There was no evidence tending to prove it.   If we should regard it as suffi-

ciently shown that the written instrument above mentioned was introduced, it would serve no useful purpose to examine the objections argued here, which, indeed, can scarcely be said to have been suggested in the trial court.  Without regard to such evidence, it was impossible for the appellant to recover.  The merits of the cause were involved in the question whether there was such a contract as that alleged in the appellant's statement, and he having failed wholly to introduce or offer any evidence of the existence of such a contract, the admission of the evidence in question could not injuriously affect his substantial rights.  We can not reverse a judgment for error which does not affect substantial rights, or where it appears to us that the merits of the cause have been fairly tried and determined.  Sections 398, 658, R. S. 1881.

The judgment is affirmed, with costs.

