ARMSTRONG *v.* THE STATE, EX REL. BLANKENBAKER.

[No. 3,056.   Filed March 9, 1900.]

BASTARDS.—*Justices of the Peace.—Certification to Circuit Court.—Review.*—Where a bastardy case was tried on its merits in the circuit court and the defendant was adjudged to be the father of the child and required to provide for its maintenance, the result will not be disturbed on appeal because of an irregularity or defect in bringing the case to the circuit court not affecting the real merits of the case or the jurisdiction of the court of the subject-matter of the action.   *pp. 289-294.*

SAME.—*Justices of the Peace.—Failure to Render Judgment.*—A judgment against defendant in a bastardy proceeding will not be reversed on appeal on the ground that the court had no jurisdiction of the subject-matter of the action because of the failure of the justice to render judgment at the preliminary hearing.   *p. 294.*

From the Delaware Circuit Court.   *Affirmed.*

*R. S. Gregory, A. C. Silverburg, O. J. Lotz* and *J. A. Hindman,* for appellant.

*J. Cantwell, S. W. Cantwell* and *L. B. Simmons,* for appellee.

BLACK, J.—This was a bastardy proceeding against the appellant, in which the venue was changed to the court below from the Blackford Circuit Court.   The transcript of the justice of the peace before whom the proceeding was instituted, as set forth in the transcript of the record before us, shows an affidavit in bastardy against the appellant, subscribed and sworn to by the relatrix before the justice on the 19th of January, 1897, and shows that on the same day a warrant was issued for the appellant returnable forthwith, which was delivered to a constable named. Next in the transcript is an examination and a cross-examination of the relatrix under oath, signed by her, and after her signature it is stated that this was all the testimony given by this witness.   Next follows the signature of the justice.   Then follows, under a caption containing the title

of the cause, a list of costs, by items. Under the head of "Justice's Costs" are various items, among them the following, with an amount entered after each: "Trial," "Bond," "Judgment," "Certifying proceedings." Under the head of "Constable's Costs" are stated costs for service, mileage, return, and trial. Under the head of "Prosecuting Attorney" is set out an amount as fees. Next is the certificate of the justice of the peace, dated January 22, 1897, "that the foregoing is a complete transcript of all the proceedings had before me in the above entitled case, as taken and copied from my docket." The proceedings in the Blackford Circuit Court follow next, wherein it appears that the appellant, by counsel, filed an answer, which is not set out; and afterward the appellant, in person and by counsel, appeared and filed the appellant's bond, which was approved, and the cause was continued. Later it was continued on the appellant's application. Afterward, on the appellant's application, the venue was changed to the Delaware Circuit Court, wherein, on the 30th of September, 1898, the appellant appeared in person and by counsel, and filed his motion to dismiss the cause; the grounds of the motion, so far as pressed here, being that the court had not jurisdiction of the subject-matter of the cause, and "that there has been no finding or judgment by the justice of the peace before whom the preliminary hearing was had in this case that the defendant is the father of the bastard child in controversy in this cause." This motion having been overruled, the cause was tried by jury, the trial resulting in a verdict against the appellant. His motion in arrest was overruled, and judgment was rendered on the verdict.

It is claimed that the court had not jurisdiction of the subject-matter for the reason that it did not appear that a judgment was rendered by the justice of the peace. The prosecution for bastardy can not originate in the circuit court, but must be instituted before a justice of the peace.

The proceedings before the justice are prescribed by the statute. It is provided that upon the arrest of the defendant, or the return of the warrant that he can not be found, the justice "shall proceed to hear and determine" the complaint. If the justice, on hearing, adjudge the defendant to be the father of the child, he shall, if the defendant be in custody, require him to give bond for his appearance at the next term of the circuit court, and shall transmit such bond, together with a transcript of his proceedings and the other papers in the cause, without delay, to the clerk of the circuit court. It is also provided that if the defendant shall not have been arrested, or has escaped after arrest, the trial shall proceed in his absence, and, if he be adjudged the father of the child, the justice shall transmit the papers and "a transcript of such judgment" to the clerk of the circuit court. The justice has no authority to render a money judgment in the cause. The proceedings before him are preliminary, for the origination of the cause and its introduction to the circuit court, if the justice adjudge the defendant to be the father of the child, upon such showing as may be made at the hearing before the justice. The statute relating to bastardy makes no provision for taking the cause to another court from a justice of the peace, when the decision of the justice is in favor of the defendant, but under the general statutory provisions for appeals from judgments of justices, the cause in such case may be introduced into the circuit court through appeal from the justice. The hearing or trial before the justice may proceed without the presence of the defendant, and without his arrest, and without any notice, actual or constructive, having been given him. The justice can not render against the defendant any judgment by which the status of the child or the obligation of the defendant is determined finally. The only effect of the judgment of the justice is to give him occasion for certifying the cause to the circuit court, or to furnish an occasion for an appeal by the plaintiff to the circuit court, as above stated.

In *State* v. *Brown*, 44 Ind. 329, it was held that when there was a finding before the justice that the defendant was not guilty, but there was no judgment, an appeal would not lie; that the case was not disposed of before the justice when the appeal was taken, "judgment being necessary to a final disposition," and that the actual entering of judgment was material. See *Glenn* v. *State*, 46 Ind. 368, 372; *Galvin* v. *State*, 56 Ind. 51, 54; *Morris* v. *State*, 115 Ind. 282.

In *Morris* v. *State, supra,* the examination before the justice resulted in the discharge of the defendant. The record did not show affirmatively that an appeal had been taken to the circuit court, and it did not appear from the record how or by whom the case was taken into that court. It was said that, since an appeal might have been taken by the State, it must be presumed, until the contrary appeared, that one was taken, and that the circuit court thus acquired jurisdiction by an appeal regularly taken; that the circuit court being a court of general jurisdiction, and having entertained jurisdiction of the appeal, it must be presumed, the contrary not appearing, that the circuit court had jurisdiction. See, also, *Wolf* v. *State*, 11 Ind. 231; *Unruh* v. *State*, 105 Ind. 117; *Holman* v. *Robbins*, 5 Ind. App. 436.

In *State* v. *Barbour*, 17 Ind. 526, the justice having heard the cause, recognized the defendant, who was present, to the circuit court, without entering a formal judgment that the defendant was the father. It was held that, upon motion to dismiss, the informality of the judgment of the justice was of no consequence; the binding over to the circuit court implying that the justice considered the defendant guilty. It was said that, if the judgment had been formally entered, it would have had no effect in the circuit court, where the case was to be tried upon the facts; also, it was remarked, that the recognizing of the putative father is not an appeal from a judgment.

In *Abshire* v. *State*, 52 Ind. 99, there was an examination of the relatrix before the justice, who found "the said complaint true," and recognized the defendant to the court of common pleas. It was held, under a motion to dismiss, that the finding of the justice was in effect a finding that the defendant was the father of the child.

In *Smith* v. *State*, 67 Ind. 61, the defendant, being present before the justice, waived an examination, and the justice recognized him to the circuit court, where he moved unsuccessfully for the dismissal of the cause because no judgment was made or entered by the justice. It was held that a finding and judgment that the defendant was the father of the child was sufficiently implied, if not expressed, in the order of the justice requiring the defendant to give bond. See *Mobley* v. *State*, 83 Ind. 92.

If there were an appeal from a judgment, it would be necessary that it should appear that a judgment had been rendered. But if the justice was of the opinion, from the evidence at the hearing, that the defendant was the father of the child, it would be proper for him to certify the proceeding to the circuit court. If the defendant were present, the justice should have required him to give bond for his appearance in the circuit court; and this, under the cases above cited, would be sufficient, without a showing of the judgment in the transcript of the justice. The entry of judgment by a justice is a ministerial act. There might be a judgment of the justice without there being any entry thereof. The decisions to which we have referred uphold the proposition that, in such case, to take the defendant's bond would be sufficient. But the justice has authority to hear the matter without the presence of the defendant. If he is not present, and the justice can not require the bond, and yet he regards the evidence sufficient, he should certify the proceeding to the circuit court. The justice can not do anything in such an instance, except properly to introduce the proceedings to the circuit court. The matter

must be examined there, not for review of error, but as civil cases are tried, and the only final judgment against the defendant may then be rendered.

The cause having been tried in the circuit court on its merits, and the defendant being found and adjudged to be the father of the child, and required to provide for its maintenance and education, this result should not be disturbed for irregularity or defect in the mode of bringing the case to the circuit court, not affecting the real merits of the case, or the jurisdiction of the court of the subject-matter of the action, there being no question as to that court's jurisdiction of the person of the defendant.

In the case at bar the specific objection to the court's jurisdiction was that there had been no finding or judgment by the justice that the defendant was the father of the child; it being admitted, as was also shown by the record, that there had been a preliminary hearing before the justice. It does not appear from the record that the justice decided to the contrary. It does not appear that a bond was not required. The defendant appeared in the circuit court, with or without the taking of a bond by the justice, and gave bond in the circuit court. That court had jurisdiction of the subject of bastardy proceedings and had jurisdiction of the person of the defendant, and is a court of general jurisdiction; and, it having proceeded to try the cause and to render final judgment against the defendant, we will not presume that it was without jurisdiction of the subject-matter of the particular proceeding, the record not affirmatively showing anything which would deprive it of such jurisdiction.

Judgment affirmed.