PHENIS *v.* STATE OF INDIANA, EX REL SHULL.

[No. 12,985.   Filed February 24, 1928.]

*Wiles, Springer & Root, Chester E. Roberts* and *George L. Bridenhager,* for appellant.

McMAHAN, J.—This is an appeal from a bastardy proceeding in which appellant was charged with being the father of a bastard child born to the relatrix. The proceeding was commenced before a justice of the peace, who issued a warrant for the arrest of appellant. Appellant was arrested and a trial had. The justice, after hearing the evidence, made and entered the following finding: "And the court having heard all other evidence introduced by both plaintiff and defendant, and having heard the argument of counsel and being fully and sufficiently advised in the premises, does now find that the defendant, John Clifford Phenis, is not guilty and is not the father of the bastard child of said relatrix, Isa Ruth Shull."

No judgment was rendered by the justice. The state appealed to the circuit court of Union county, where appellant filed his plea in abatement, wherein he challenged the jurisdiction of the circuit court on the ground that no judgment had ever been rendered by the justice of the peace. A demurrer was sustained to this plea, after which, appellant filed a motion to dismiss the appeal for the same reasons. This motion being overruled, he presented the same question by answer, which was held bad on demurrer. On the first trial in the circuit court the jury disagreed, on the second trial, appellant was adjudged to be the father of the child; hence this appeal.

Appellant contends the court erred in sustaining the demurrer to his plea in abatement and in overruling his motion to dismiss. These contentions are well taken. In *State, ex rel.*, v. *Brown* (1873), 44 Ind. 329, the court held that no appeal could be taken in a bastardy proceeding from an entry finding the defendant not guilty, where no judgment had been rendered on the finding. This case was cited in *Glenn* v. *State, ex rel.* (1874), 46 Ind. 368; *Backer* v. *Eble* (1896), 144

Ind. 287, 289, 43 N. E. 233, and in *Armstrong* v. *State, ex rel.* (1900), 24 Ind. App. 289, 56 N. E. 681, to the proposition that an appeal will not lie from a finding for the defendant in a bastardy proceeding where there has been no judgment thereon. *Askren* v. *State, ex rel.* (1875), 51 Ind. 592, is not in point. There was a judgment of not guilty in that case, and *State, ex rel.,* v. *Brown, supra,* was cited in support of the proposition that an appeal would lie from a judgment of guilty. See, also, *Galvin* v. *State, ex rel.* (1877), 56 Ind. 51. In *McCoy* v. *State, ex rel.* (1889), 121 Ind. 160, 22 N. E. 986, the justice found the defendant had not been proved to be the father of the child, and it was "adjudged that he be discharged." There having been a judgment, it was then held an appeal would lie. The court erred in sustaining the demurrer to the plea in abatement and in overruling the motion to dismiss.

Judgment reversed, with directions to dismiss the appeal from the justice of the peace.

Dausman, J., absent.