Nov. Term,
1858.

Thomas
v.
White.

Thomas *v.* White and Others.

Suit to compel the cancellation of a due bill. The complaint stated that in *December,* 1851, plaintiff sold defendant an interest of one-fourth in a steamboat and barge; that defendant then paid 1,500 dollars of the purchase-money; that the plaintiff did not then convey the interest in the vessels, but gave a due-bill for the sum paid as for money borrowed; that in *July,* 1852, before conveyance of the fourth interest had been made, plaintiff sold defendant the whole of the boat and barge, for 22,500 dollars, and made him a conveyance for them; that defendant was to pay in hand 3,500 dollars, of which sum *1,500 dollars was deducted in satisfaction of the due-bill,* which would then have been given up, had not plaintiff forgotten that it had been given; that defendant still holds it, and threatens to sue upon it. Answer, denying that the due-bill was given for the purpose alleged, or had any connection with the sale, &c., or that it had been paid. On the trial, the defendant moved to suppress parts of a deposition as follows: 1. A witness testified to a settlement made in *September,* 1852, which, he says, "embraced, *as I understood,* all transactions between the parties up to that time." The objection was, that witness did not give the source of his understanding, nor testify to facts within his knowledge. In a subsequent part of the deposition, witness, speaking of the same settlement, said "it was understood and agreed between the parties that the settlement was in full of all claims, &c., of either upon the other up to that time." 2. In speaking of the same settlement, witness said defendant was allowed a credit of 1,500 dollars paid the year before on account of his purchase of the boat and barge; that it was paid in two sums, &c. He then said—"Neither of these payments appeared on the books, but I then made the entries by direction of the plaintiff, who stated at the time that defendant had paid the money. * * * The defendant did not give up or exhibit to me, or say that he had in his possession, * * * any receipt or voucher for the 1,500 dollars," &c. The defendant was present at the settlement, and when the credit was given.

*Held,* 1. That the ground of the witness' understanding was sufficiently shown.
2. That the statement that the defendant did not exhibit or claim to have a receipt or voucher, &c., was relevant and proper, as the jury might infer from his silence that he claimed nothing on the due-bill, if they thought the circumstances such as to induce some remark from him if he claimed it; and if this inference was not drawn the testimony was harmless.

Wednesday,
November 24.

APPEAL from the *Jefferson* Circuit Court.

Worden, J.—This was a suit by *David White* and *James H. Cunningham* against *Washington Thomas,* to compel the surrender and cancellation of a certain note or due-bill given by plaintiffs to defendant.

The complaint states that on the 3d of *December,* 1851, the plaintiffs sold to the defendant one undivided fourth part of the steamboat *George W. Kendall,* and the barge

*Ivanhoe;* that the defendant then paid them thereon the sum of 1,500 dollars; that the plaintiffs did not then convey said interest in the boat and barge to defendant, but gave him a due-bill for the 1,500 dollars, as for so much money borrowed; that afterwards, on the 1st of *July*, 1852, and before any conveyance had been made of the interest so sold to defendant, the plaintiffs sold the whole of the boat and barge to the defendant for the sum of 22,500 dollars, and made him a conveyance therefor; that by the terms of the last sale, the defendant was to pay in hand 3,500 dollars, in the payment of which sum the 1,500 dollars was counted and allowed the defendant as part of the same, thereby fully satisfying the due-bill, which would then have been given up, had not the plaintiffs forgotten that the same had ever been given; that the defendant still holds the due-bill, and threatens to sue upon the same, &c.

The defendant answered, denying that the due-bill was given for the purpose alleged, or had any connection with the sale of the boat and barge, or any interest therein, and denying that it had been, in any manner, paid or satisfied.

Trial by jury, and verdict and judgment for plaintiffs, over a motion for a new trial.

The appellant relies upon only one point for the reversal of the judgment, viz., the overruling of his motion to suppress parts of a deposition, and the admission of such parts in evidence.

*George S. McKernan*, parts of whose deposition the defendant moved to suppress, testifies to a settlement made by the parties in *September*, 1852, and says—" Which settlement embraced, as I understood, all the transactions between the parties up to that time." The above statement as to the understanding of the witness is objected to, because the witness does not give the source of such understanding, nor testify to facts shown to be within his knowledge. We think, however, that this statement is entirely harmless, when considered in connection with a subsequent part of the deposition, where the witness, in speaking of the same settlement, made in *September*, 1852, says, "it was understood, and agreed between the parties, that the

settlement was in full of all claims and demands of either upon the other up to that time." This, we think, sufficiently shows how the witness understood that the settlement embraced all the transactions between the parties, and obviates any substantial objection that might otherwise exist (1).

In speaking of the same settlement, the witness testifies that the defendant was allowed a credit of 1,500 dollars, paid by him the year before on account of his purchase of the boat and barge; that it was paid in two sums, one of 500 dollars, and one of 1,000 dollars; and makes the following statement, which was objected to, viz.: "Neither of these payments appeared on the books; but I then made the entries by direction of the plaintiff, *White*, who stated at the time that *Thomas* had paid the money and was entitled to a credit for the same. The defendant, *Thomas*, did not give up or exhibit to me, or say that he had in his possession, or had ever had in his possession, any receipt or voucher for the 1,500 dollars, or any part of the same."

*Thomas* was present at the settlement, and there is nothing in the record from which we can infer that he was absent at the time the credit above alluded to was directed by *White*, and entered on the books; but supposing he was absent, we do not see how the testimony could injure him. If it be wholly irrelevant, it is of such a nature that it could work him no harm; and for harmless errors judgments will not be reversed. *Van Pelt* v. *Corwine*, 6 Ind. R. 364.

We are inclined to think the statement that *Thomas* did not exhibit or claim to have any receipt or voucher for the 1,500 dollars, was relevant and proper, as the jury might infer from his silence that he claimed nothing on the due-bill in controversy, if they thought the circumstances such as to naturally induce some remark from him in case he claimed it; and if this inference was not drawn, the testimony was entirely harmless.

The whole of the answer of the witness to the third question is objected to as being irrelevant to the issue. This answer has reference mostly to the settlement made

in *September*, 1852, when the 1,500 dollars was credited on the books to the defendant. The charge in the complaint is that it was allowed and counted to the defendant as part of the 3,500 dollars, to be paid down upon the contract made in *July*, 1852; but we conceive it might have been so allowed, and yet, in the settlement in *September*, have been entered upon the books, and formed an item in the accounts of the parties embracing the whole transaction. We can discover no substantial error in overruling the objection to this testimony.

Nov. Term, 1858.

THOMAS
v.
WHITE.

But one more item of testimony was objected to, except such parts as were excluded by the Court, and that is a statement by the witness upon reëxamination by plaintiffs, in speaking of the *September* settlement, that it was his impression that the settlement was full and final of all dealings and matters between the parties, and that he derived that impression from conversations between the parties in his presence.

We have already seen that the witness testified that it was agreed and understood between the parties that such was the character of the settlement, and the subsequent statement that such was his impression, can have had no effect, unless it be to weaken his former statement, an effect of which the defendant cannot complain, as it could not operate to his disadvantage.

The verdict, we think, is sufficiently sustained by the evidence, and the judgment must be affirmed.

*Per Curiam.*—The judgment is affirmed with costs.

*J. W. Chapman* and *J. B. Meriwether*, for the appellant.

*C. E. Walker*, for the appellees.

(1) To this point counsel for the appellant cited 1 Greenl. Ev. § 440; *Grant* v. *Thompson*, 4 Conn. R. 203; *Morse* v. *The State*, 6 *id.* 9; *Lowe* v. *Williamson*, 1 Green's Ch. 82; *Whitenack* v. *Striker*, 8 *id.* 8.