## HILGENBERG *v.* WILSON, TREASURER.

ASSESSMENT OF TAXES.—*Removal of Taxpayer.*—*Cities and Towns.*—The fact that a person, who was the owner of personal property, had been assessed thereon, on the first day of April, for taxation for State and county purposes, will not prevent his being assessed upon the same property, for city purposes, upon his removing into a city of the county where he had been so assessed, prior to the first day of June, following, carrying such property with him.

PLEADING.—*Presumption.*—*Cities and Towns.*—In an action wherein a city of this State is a party, it will be presumed, unless the contrary is alleged, that she is organized under the general law of this State for the incorporation of cities.

From the Wayne Circuit Court.

*J. S. Tarkington*, for appellant.

*L. D. Stubbs*, for appellee.

HOWK, J.—In this action, the appellant was plaintiff, and the appellee was defendant, in the court below.

In his complaint, the appellant alleged, in substance, that on the 2d day of April, 1873, and for two years then last past, he, the appellant, resided in Wayne township, Wayne county, Indiana, but without the corporate limits of the said city of Richmond, and had all his personal property with him where he resided; that on the said 2d day of April, 1873, he was called on by the county assessor for a list of his taxable personal property, and he then and there made a full and true statement, in writing, to said assessor, of all the personal property, of which he was the owner or holder, in any capacity, and also of all moneys or credits so owned or held by him, on the 1st day of April, 1873, which said statement, having been subscribed and sworn to by him, was accepted by said assessor; that afterwards, to wit, on or about the 10th day of April, 1873, the appellant moved into said city of Richmond, taking with him the property so assessed by the county assessor, and thereupon the city assessor of said city of Richmond required of the appellant a schedule of all his personal property, subject to taxation for the municipal and special purposes of said city, had and held by him on the 1st day of January, 1873; that appellant informed said city assessor, that he had been assessed by the county assessor on all his property subject to taxation, and he refused to furnish said city assessor with the required schedule; but the city assessor insisted upon his right to make an assessment of appellant's personal property, for city purposes, and threatened to assess him, upon estimation, at least double the amount of his personal property; that, to avoid such estimated assessment, the appellant, on the 18th day of August, 1873, made and delivered to said city assessor his sworn schedule, under protest, containing the same personal property that was in the schedule made out and given to the county assessor; that the said city assessor accepted said schedule, and filed it with the city clerk, who estimated the appellant's city taxes thereon at two hundred and sixty-one dollars and eighty

cents, and placed the same on the tax duplicate of said city, and in the hands of the appellee, as city treasurer; and that said tax duplicate, under the seal of said city and the warrant of said clerk, was then in the hands of the appellee, who threatened to levy upon and sell the appellant's property, at public auction, for said sum of two hundred and sixty-one dollars and eighty cents, and penalty, interest, costs, and accruing costs; and that appellant had long before paid the tax assessed against him by the county assessor. Copies of the two schedules were filed with said complaint.

Appellant prayed that the appellee might be enjoined from collecting said city taxes or any part thereof, and for all other proper relief.

The appellee demurred to appellant's complaint, for the following grounds of objection:

1st. That there was a defect of parties defendant; and,

2d. That said complaint did not state facts sufficient to constitute a cause of action.

This demurrer was sustained by the court below, and appellant excepted. And judgment was rendered for the appellee and against the appellant, upon the demurrer, for costs, from which this appeal is now prosecuted.

In this court, the only alleged error is the decision of the court below, sustaining appellee's demurrer to appellant's complaint.

The question presented by this alleged error, for our consideration and decision, is this:

Under the facts alleged in appellant's complaint, was his intangible personal estate lawfully subject to taxation, in and by the city of Richmond, for city purposes, for the year 1873?

In our opinion, this question has been much more elaborately argued by counsel on both sides, than either its difficulty or its importance demanded. The city of Richmond is described in the complaint as an incorpo-

rated city, but whether it was incorporated under a special charter, or under the general law for the incorporation of cities, the appellant has failed to allege. In such a case, however, this court will presume, nothing appearing to the contrary, that the city was incorporated under the general law for the incorporation of cities. *The City of Logansport* v. *Wright*, 25 Ind. 512.

By the 58th section of this general law, "all property subject to State and county taxation," within any city incorporated under said law, is made liable to taxation for municipal purposes. 1 R. S. 1876, p. 297. The appellant concedes that his personal property was subject to State and county taxation for the year 1873, for he alleges, that, on the 2d day of April, 1873, in Wayne township, Wayne county, Indiana, where he then resided, and outside the corporate limits of the city of Richmond, he made and delivered to the county assessor a schedule of his said personal property, for State and county taxation. Eight days afterwards, he removed from his country home, and, entering within the corporate limits of the city of Richmond, he became a citizen thereof, taking with him his said personal property,—which was none the less liable or subject to State and county taxation, by reason of his change of residence.

When he thus became a citizen of said city of Richmond, he was required by the city assessor to list his said personal property, which, as we have seen, was subject to State and county taxation, and was then within the corporate limits of said city, for taxation for municipal purposes. The appellant furnished the required list to the city assessor, under protest. And the question arising on these facts is this :

Was the property in question properly and legally liable to taxation, for the year 1873, by the city of Richmond, for city purposes ?

By the 24th section of the general law for the incorporation of cities, which prescribes the duties of city as-

sessors, it is provided, among other things, that "such assessor and assistants shall have the same powers and be subject to the same provisions of the same laws as the assessor of personal property for State and county purposes." 1 R. S. 1876, p. 276.

By the 14th section of "An act to provide for a uniform assessment of property, and for the collection and return of taxes thereon," approved December 21st, 1872, it was provided as follows:

"Sec. 14. Personal property shall be listed between the first day of April and the first day of June, each year, when required by the assessor, and with reference to the quantity held or owned on the first day of April in the year for which the property is required to be listed. Personal property purchased or acquired on the first day of April shall be listed by or for the person purchasing or acquiring it." 1 R. S. 1876, p. 76.

And again, by the 33d section of the same act, it was provided as follows:

"Sec. 33. The owner of personal property removing from one county, township, city or town to another, between the first day of April and the first day of June, shall be assessed in either in which he is first called upon by the assessor. The owner of personal property moving into this State, from another State, between the first day of April and the first day of June, shall be listed for his poll and the property owned by him on the first day of April of such year in the county, township, city or town in which he resides: Provided, if such person has been assessed and can make it appear to the assessor that he is held for tax of the current year on the property, in another State, county, township, city or town, he shall not be again assessed for said year." 1 R. S. 1876, p. 79.

By a fair and reasonable construction of these several provisions, it follows, in our opinion, that where the owner of personal property on the 1st day of April, 1873, living in a county of this State on that day, in which

there was an incorporated city, afterwards and before the 1st day of June, 1873, removed from his country home and located his domicil within the corporate limits of such city, taking with him his said personal property,— he became liable to be assessed by the city assessor, for his said personal property, for the purposes of city taxation; and the fact, that, prior to his removal into the city, he had listed his said property for taxation for State and county purposes, would not, in such a case, render his said personal property any the less liable to assessment and taxation for city purposes. Nor will this construction of the provisions in question work any injustice or peculiar hardship to the appellant in this case. City government is an expensive luxury. He who would enjoy the many comforts incident to a home in the city, must contribute his just proportion of the expenses of the city government. Appellant's counsel concedes, as we understand him, that if the appellant had moved into the city of Richmond on the 1st day of April, 1873, taking his personal property with him, then his said personal property would have been legally liable to assessment and taxation by the city authorities for city purposes. The mere fact that the appellant moved into the city, ten days after the 1st day of April, 1873, taking with him the personal property owned by him on the last named day, did not, and ought not to, in our opinion, under the law we have quoted, render his said personal property free from taxation for city purposes until the 1st day of April, 1874.

In our opinion, the court below did not err in sustaining appellee's demurrer to appellant's complaint, in this action.

The judgment of the court below is affirmed, at the costs of the appellant.