No. 8567.

SEWARD v. THE CITY OF RISING SUN ET AL.

CORPORATIONS.—*Shares of Stock.—Personal Property.*—Shares of stock in incorporated companies, whether the property of such companies be tangible or intangible, are personal property.

SAME.—*Foreign Corporation.—Taxation of Stock.—City.—Railroad.*—A city has the right to tax its citizens for stock owned by them in a foreign railroad company, although a tax has been paid thereon in the State where the corporation is located.

From the Ohio Circuit Court.

*A. C. Downey,* for appellant.

*J. B. Coles,* for appellees.

BICKNELL, C. C.—This was a suit to enjoin the collection

of taxes assessed by the City of Rising Sun against the appellant, one of its citizens, upon 400 shares of the capital stock of the Little Miami Railroad Company.

The complaint averred that the capital stock of said railroad company consisted of its railroad and the appurtenances thereof, all of which were in the State of Ohio, and were taxed there by the State of Ohio in the name of the company.

The appellee demurred to the complaint. The demurrer was sustained, judgment was rendered thereon against the appellant, and the temporary restraining order was dissolved.

The errors assigned are sustaining said demurrer and dissolving the restraining order. The question is, has a city a right to tax its citizens for stock owned by them in a foreign railroad company?

It was decided in *Riley* v. *Western, etc., Co.*, 47 Ind. 511, that under the act of Dec. 21st, 1872, 1 R. S. 1876, p. 72, there can be no assessment of the capital stock of a foreign corporation as against the corporation itself; but the question, whether shares of such stock are taxable when owned by individual citizens of this State, was not considered in that case.

All personal property, owned by persons residing in this State, whether it is in or out of the State, is subject to taxation, 1 R. S. 1876, p. 73, sec. 3, except certain property specified in section 7 of the act last cited. The property in controversy is not among the exceptions.

Shares of stock in incorporated companies, whether the property of such companies be tangible or intangible, are personal property. Cooley on Taxation, 16. That is the American doctrine. 2 Kent Com. 340, note.

In Indiana "all bonds or stocks, whether of bodies politic or corporate," are personal property. 1 R. S. 1876, p. 73, section 5.

A shareholder owns, as personal property, his proportion of the property of the company, and the certificates of shares are convenient means of indicating that proportion. "The legislative power governs the question of the amount, and the man-

ner in which the citizens shall contribute to the public demands, subject only to fundamental laws." *DePauw* v. *The City of New Albany*, 22 Ind. 204; *Railroad Co.* v. *Pennsylvania*, 15 Wal. 300.

Cities have power to levy and cause to be collected, in each year, an ad valorem tax of not more than one per centum, for general purposes, on all property subject to State and county taxation, within such city. 1 R. S. 1876, p. 297, section 58; *Hilgenberg* v. *Wilson*, 55 Ind. 210; *The Toledo, etc., R. R. Co.* v. *The City of Lafayette*, 22 Ind. 262.

In the absence of any allegation to the contrary, the city of Rising Sun is presumed to be organized under the general law of the State in relation to cities. *Hilgenberg* v. *Wilson, supra.* And there being no averment in the complaint, that the value of the property in controversy was not legally ascertained and assessed by the assessor, nor that the board of equalization did not properly equalize the value of all the property liable to taxation within the city, it must be presumed that the assessor and the board did their duty. Cooley on Taxation, 290, 291.

The taxation of the stock in controversy to the owner thereof is in accordance with the general provisions of the law of Indiana. There is no provision in our statutes, which relieves the owner of stock in foreign corporations from the duty of listing such property, as there is in regard to stock owned in domestic corporations. 1 R. S. 1876, p. 76, section 15, clause 2.

The laws of the State of Ohio are not material. Where property is taxable by the laws of this State, it is immaterial how much it is taxed elsewhere.

In the absence of any statute to the contrary, although a corporation may be taxable for its corporate property, the owners of shares of its stock may be taxed therefor where they reside. *Conwell* v. *The Town of Connersville*, 15 Ind. 150.

The owner of shares of stock in a foreign corporation is

liable to taxation thereon in the State where he resides, although a tax has been paid thereon in the State where the corporation is located. *Dyer* v. *Osborne*, 11 R. I. 321; *McKeen* v. *County of Northampton*, 49 Pa. St. 519.

There was no error in sustaining the demurrer to the complaint, nor in dissolving the restraining order. The judgment of the court below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be, and it is hereby, in all things affirmed, at the costs of the appellant.