Aetna Insurance Company *v.* LeRoy.

No. 1,886.

## AETNA INSURANCE CO. *v.* LEROY.

APPELLATE PROCEDURE.—*Exceptions.*—One objecting to the intro-
duction of testimony must point out specifically the grounds of his
objection thereto, in order to avail himself on appeal of an exception
taken to the ruling.

SAME.—*When Affidavits Not Part of Record.*—When affidavits are
not brought into the record by bill of exceptions, nor by order of
court, but merely copied into the transcript, by the clerk, following
the motion for a new trial, they are no part of the record, and can-
not be examined on appeal.

From the Madison Circuit Court.

*C. L. Henry, B. McMahan* and *J. A. Van Osdol,* for
appellant.

*M. A. Chipman, S. M. Keltner* and *E. E. Hendee,*
for appellee.

REINHARD, J.—This is an action on a policy of fire
insurance. The appellant contends that its demurrer
to the complaint should have been sustained because
that pleading does not allege that the property was
destroyed by fire. It appears that the clerk, in making
out the original transcript, had omitted to copy the
words "by fire" after the words "totally destroyed," in
copying the complaint. This defect has since been
remedied by the correction of the record in obedience
to the writ of *certiorari.* No other defect is pointed
out.

The appellant has assigned the overruling of its
motion for a new trial as error. Among the causes
assigned in the motion is that of insufficiency of the

evidence to sustain the verdict. The appellee's counsel insist that the evidence is not properly in the record. We have not felt it necessary to examine this point.

Appellant's counsel think the jury allowed the appellee for more property than she lost by the fire. It is admitted that she lost some property covered by the policy. The appellee testified that she lost much more than the jury gave her credit for. There was a conflict in the evidence as to the amount lost and the value thereof. If the jury believed the appellee, as they had a right to do, there is ample evidence to support the verdict.

It is also assigned, as a ground for a new trial, that the court erred in refusing to strike out the testimony of the appellee as to the loss of a barrel of wine, and its value.

After the appellee had been asked to give a list of the property destroyed, she mentioned, among other things, "One barrel of wine, forty-five gallons, $45.00."

No objection seems to have been made to the question or answer at the time, but subsequently the appellant's counsel moved to strike out the testimony of the witness relating to said barrel of wine. The court overruled the motion and the appellant excepted. No reason was given by appellant's counsel for the incompetency of the testimony, nor does it appear upon what the motion to strike it out was predicated. There was therefore no available error in the ruling. One objecting to the introduction of testimony must point out specifically the grounds of his objection thereto, in order to avail himself on appeal of an exception taken to the ruling. *Ohio, etc., R. W. Co.* v. *Wrape,* 4 Ind. App. 108.

Another cause assigned in the motion for a new trial was that of newly discovered evidence. This

question is not properly presented.   What purports to be the affidavit of appellant in support of the motion for a new trial and the affidavits of the proposed witnesses is copied into the transcript by the clerk, following the motion for a new trial.  None of the affidavits are brought into the record by bill of exceptions nor by order of court.   Hence they are no part of the record, and cannot be examined on appeal. *Gross* v. *Haisley*, 2 Ind. App. 23; *Lake Erie, etc., R. R. Co.* v. *Arnold*, 8 Ind. App. 297.

For these reasons and many others that might be mentioned, no error has been shown in the ruling upon the motion for a new trial.

It may not be improper to state that there is much evidence in this case which throws a strong suspicion upon the greater portion of appellee's claim, but, as already observed, the jury seem to have believed the appellee's testimony, in preference to that of other witnesses, and it is not our province to inquire into the correctness of this conclusion.

We find no reversible error.

Judgment affirmed.

Filed April 15, 1896.