### WOODWARD, TREASURER, v. JACOBS.

[No. 3,794.    Filed June 21, 1901.]

TAXATION.— *Transient Person.*— A *bona fide* resident of this State who has made a duly verified schedule of all the property owned by him on the first day of April of any year, and has paid the taxes assessed thereon, cannot be again assessed, under §8441 Burns 1894, for property acquired after June 1st of such year simply because he has temporarily located in a county other than the county of his *bona fide* residence to dispose of the property so acquired.

From Monroe Circuit Court; *W. H. Martin,* Judge.

Action by Bennett Jacobs to enjoin Joseph S. Woodward as treasurer of Monroe county from collecting certain taxes assessed against him. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*J. E. Henley* and *J. B. Wilson,* for appellant.
*J. T. Lecklider,* for appellee.

WILEY, P. J.—Appellee commenced a proceeding in equity to enjoin appellant, who was treasurer of Monroe county, from collecting certain taxes assessed against him. A demurrer to his complaint was overruled. Appellant filed an affirmative answer to which a demurrer was addressed and sustained, and also a general denial. He subsequently withdrew his general denial, and, refusing to plead further, a decree was entered in harmony with the prayer of the complaint.

The decision of the questions presented rests upon the construction of §8441 Burns Supp. 1897. This section has never been construed, and the question before us is one of first impression. It is important, therefore, to state fully the facts pleaded, both in the complaint and answer.

The complaint avers that the appellee became a *bona fide* resident of Marion county, Indiana, October 1, 1897; that for ten years prior to said date he had been a *bona fide* resident of Johnson county; that he had never been a resident of Monroe county; that as such resident of Johnson county, between April 1st and June 1, 1897, he was duly assessed in ———— township of said last named county; that he made out an itemized schedule of all property owned by him, which he signed and duly verified; that said schedule was delivered to the township assessor; that the property given in by him was by the auditor extended on the tax duplicate, and that all the taxes thereon have been paid; that he has paid all taxes assessed against him in said Johnson county for the year 1897 and all previous years; that on September 10, 1898, he was temporarily in Monroe county with certain personal property of which he had become the owner subsequent to April 1, 1898, in which he was no way interested or exercised any acts of ownership over prior to the date of becoming the owner thereof; that on September 10, 1898, some one unknown to appellee caused to be entered upon the tax duplicate of Monroe county in the name of Jacobs & McGinnis personal property at the assessed valuation of $2,000, and extended the tax duplicate thereon against said property in the sum of $62.79, and the same stands as a charge against appellee and McGinnis; that on September 30th said appellant, as treasurer of said county, levied upon certain personal property (describing it) to satisfy said tax for the year 1897; that the appellee was the owner of the property so levied upon, and that no part thereof was placed on the tax duplicate during the year 1897, and that no part of it was in said county prior to September 10, 1898. It is

further averred that said property was not levied upon to satisfy any delinquent taxes, but was levied upon for the purpose of collecting an alleged tax, alleged to be due thereon, and other personal property within said township. It is also charged that said McGinnis is not the owner of any part of said personal property and has no interest therein, and that appellant is threatening to sell said property, etc.

The affirmative paragraph of answer avers that appellee and McGinnis came to Bloomington, Monroe county, on or about September 5, 1898, and advertised themselves as partners, doing business for a short time only, and continued said business to and including September 10, 1898; that neither of said parties were residents of said county, but came to said township as transient persons; that upon locating there they offered to sell and dispose of a stock of buggies, phaetons, surries, etc.; that thereupon the assessor of the township where they were located called upon them and demanded of them the true cash value in money of all their stock in trade, and that they failed, neglected, and refused to give or return such value of their stock, or to give or return any value thereof, either verified or otherwise, for a period of more than twenty-four hours after such demand; that thereupon said assessor proceeded to and did determine the value of said stock in trade and returned such valuation to the auditor of said county, who caused the same to be entered at once upon the tax duplicate, and to be collected immediately; that appellant as such treasurer called upon appellee to pay said taxes, which he refused to do, or to show any treasurer's receipt for taxes having been paid on such stock of goods in trade by him in any other county in this State, and that by virtue of said taxes levied as aforesaid he levied upon the property described in the complaint to satisfy said tax, and for no other purpose whatever.

This paragraph of answer rests upon §8441 Burns Supp. 1897. That section provides that "Whenever at any time during any year any transient person shall temporarily

Woodward *v.* Jacobs.

locate in any township, city, town or village for the purpose of selling or disposing of goods, wares, and merchandise, and shall offer to sell or otherwise dispose, at wholesale or retail, of any goods, wares or merchandise, it shall be the duty of the proper assessor for the time being of the place where such person shall locate, forthwith to call upon such person and demand of him the true value in money of all his stock in trade, and in case such person shall neglect or refuse to return such value under oath, within twenty-four hours after such demand, then it shall be the duty of such assessor to determine the same as in other cases, and in either case he shall forthwith return such valuation to the auditor of the county, who shall cause the same to be entered at once on the current tax duplicate in the hands of the treasurer, and to compute taxes thereon at the rate of assessment for State, county, township and municipal purposes at which current taxes on such duplicates are assessed, in the same manner as omitted property of the first day of April last preceding is entered upon the duplicates and assessed, but without penalties for delinquencies; and shall cause such taxes to be collected immediately: Provided, however, That in case such transient person show by proper treasurer's receipts for taxes that all taxes for the current year have been paid on such stock of goods by him in any other county in Indiana, in such event no assessment shall be made against such stock of goods, wares and merchandise for that year." The errors assigned are the overruling of the demurrer to the complaint, and sustaining the demurrer to the second paragraph of answer.

The answer pleads fully the provisions of the statute quoted, and it is upon that statute alone that appellant relies. Without such statute, we are clear that no defense is shown. It remains to construe the statute in connection with the general statutory provisions relating to the taxation of property.

The question to be decided, reduced to a simple proposi-

tion, is this: Can a *bona fide* citizen of this State, who has been duly assessed for taxation, under the general law, who has made a duly verified schedule of all the property owned by him on the first day of April of any year, and has paid the taxes assessed thereon, be again assessed for property acquired after June 1st of such year, simply because he has temporarily located in a county other than the county of his *bona fide* residence, to sell or otherwise dispose of the property so acquired?

It is true that under our form of government, it is the policy of the law that all property (except such as is expressly exempt), shall bear its proportionate burden of taxation. To this end the legislature has attempted, by enacting our various tax laws, to cast the burden equally and proportionately upon all taxable property. But it is not the policy of the law that any class of property should be twice taxed in any one year. Under the general law relating to taxation, all personal property shall be assessed to the owner in the township, town, or city of which he is an inhabitant on the 1st day of April of the year for which the assessment is made. Acts 1897, p. 250. To this general rule the statute makes ten exceptions, but we need not notice them for they are not pertinent to the question in hand. Section 8418 Burns 1894 is as follows: "Personal property shall be listed for taxation between the first day of April and the first day of June, each year and with reference to the quantity and quality held or owned on the first day of April, in the year for which the property is required to be listed." Under this provision, it has been held that if a person is assessed outside of a city on April 1st, and moves into the city with the property assessed before June 1st, he will be liable to an assessment for city taxes. *Hilgenburg* v. *Wilson*, 55 Ind. 210. Under this section it is evident that the only personal property with which a person is taxable is that owned by him on the first day of April in the year the property is to be listed. It follows, therefore, that whatever property a per-

son acquires after the first day of April is not taxable to him before the first day of the following April. In the case before us appellee shows by his complaint that between April 1st and June 1, 1897, he was and still is a *bona fide* resident of Marion county; that between those two dates he made a full and complete schedule of all his property, and delivered it to the assessor; that it was passed to the tax duplicate and was in fact assessed. He also shows that he had paid all the taxes assessed against him for that year. Any taxes assessed against him for 1898 were not due and payable till the first Monday in May, 1899. If appellee had owned the property in controversy on the first day of April, 1898, and had returned it for taxation in Marion county, where he resided, and had taken it to Monroe county in September following, for the purpose of selling it, as a transient merchant, according to appellant's theory it still would have been taxable under §8441, *supra,* because he was not able to bring himself within the proviso, and show a proper treasurer's receipt that the taxes had been paid in some other county. Such a theory, it occurs to us, is wholly untenable. We do not believe that the legislature has the power to provide for the taxation of property under such circumstances and at the same time declare that the owner can only be relieved from payment by producing a receipt showing that he had paid the taxes on the same property in some other county. In our judgment, he may interpose any defense which goes to show that his property is not subject to such taxation. If appellant had owned the property on April 1, 1898, and had listed it for taxation in the county where the property was, and where he resided, he was not required to pay the taxes until the following year, and hence he could not produce a receipt showing the taxes paid until in fact they were paid. Being unable to show a receipt under such circumstances, if appellant's theory is correct, such property would be subject to a double taxation, and

this the law does not contemplate. Again, it is not required that tax receipts should describe or designate the character or kind of personal property upon which taxes have been paid, and it is a matter of common knowledge that they do not so show.

If appellee had acquired this property after the 1st of April, and had undertaken to sell or otherwise dispose of it in Marion county, it is quite clear that it would not have been taxable to him for that year. As he did acquire it after the 1st of April, and the property must have been owned by some third person at that time, we must presume that such third party properly returned it for taxation, and, if so, under appellant's theory, it would still be subject to double taxation.

The question is not raised, and, if it were, the jurisdiction would be in the Supreme Court, but we doubt the constitutionality of §8441, *supra,* unless it could be construed to apply to persons coming from another state or states into this State, bringing personal property with them to sell, or otherwise dispose of, as transient merchants.

The complaint before us shows ample grounds for equitable relief, and the defense pleaded is not sufficient to defeat the action. Judgment affirmed.