## The City of Huntington v. Townsend.

[No. 3,951.   Filed February 27, 1902.   Rehearing denied June 4, 1902. ]

Quieting Title.—*Pleading.*—A complaint to quiet title, in the ordinary form, alleging that plaintiff is the owner and in possession of the land, and that defendant claims an interest therein which is adverse and unfounded, is sufficient against a demurrer for want of facts.   *p. 269.*

Dedication.—*Streets.*—*Wabash and Erie Canal.*—Where the State took possession of a strip of land marked on a town plat as a street prior to the sale of lots with reference thereto, and constructed and operated a canal thereon, upon the abandonment of the canal no interest on the part of the public attached to the strip of land.   *pp. 270-273.*

Quieting Title.—*Evidence.*—In an action to quiet title to a strip of land claimed by defendant city as a part of a street, evidence that the land had been on the tax duplicate and the city had collected taxes thereon since the abandonment thereof by a canal in 1874 was properly admitted as a circumstance tending to show that the city had not claimed the land as a part of the street.   *p. 273.*

From Huntington Circuit Court; *J. E. Cox*, Special Judge.

Suit by Nettie M. Townsend against the City of Huntington to quiet title to a strip of land claimed by defendant as a part of a street.   From a judgment for plaintiff, defendant appeals.   *Affirmed.*

*S. M. Saylor, J. F. France* and *Z. T. Dungan*, for appellant.

*O. W. Whitelock* and *S. E. Cook*, for appellee.

Robinson, P. J.—Suit by appellee to quiet title.   The averments of appellee's complaint, which is in the ordinary form, that she is the owner and in possession of the land, and that appellant claims an interest therein which is adverse and unfounded, are sufficient against a demurrer for want of facts.   §1082 Burns 1901; *Weaver* v. *Apple,* 147 Ind. 304; *Rausch* v. *Trustees, etc.,* 107 Ind. 1.

October 12, 1830, Elias Murray and Champion Helvey entered certain lands previously granted to the State by the United States to aid in the construction of what was afterwards known as the Wabash & Erie Canal, and on May 29, 1832, Murray and Helvey duly acknowledged a plat of the town of Huntington out of these lands; which plat was recorded on June 1, 1832, in Grant county, which at that time included what is now Huntington county. In this plat they dedicated to the public a street called Washington street, and also, among other streets, one called Cherry street, crossing Washington street at right angles, and the line of the canal was located just north of Canal street, which was the next street north of Washington street, and parallel with it. Upon the record of this plat is found an unsigned and undated memorandum stating, "An addition of this plat is added and the whole of it recorded in B. at pp. 74, 75." August 12, 1833, Murray and Helvey still owned all of the lots and lands designated in the plat and on that day a plat neither signed nor acknowledged but marked, "Plat of the town of Huntington, Ia., Benjamin Knight, by Joseph Cadwallader, Deputy, R. G. C.", was recorded in deed record A at pages 74 and 75 in the recorder's office of Grant county. This plat is a reproduction of the plat of 1832, with some additional lots that are not numbered and additional streets that are not named; and it also changes the location of the canal so that it occupies the whole of what was, in the plat of 1832, Washington street west of Cherry street. Afterwards Murray and Helvey assigned their certificate of entry to John Tipton, and on December 30, 1834, the State conveyed the land to him. In 1833, after the date of the plat last named, Huntington county was organized, and recorded in deed record A on the first page is a "plat of the town of Huntington," which is neither signed, dated, nor acknowledged. This plat, which is the only plat of Huntington on record in Huntington county, differs from the alleged plat of 1833 only in num-

bering some additional lots and naming some additional streets, but it has embodied in it the plat of 1832 except as to the location of the canal which is located as in the plat of 1833. Murray and Helvey never sold any of the lots designated in either of the plats, and Tipton sold lots with reference to the plat recorded in Huntington county. In 1833, before the sale of any lots or lands in the town, the State took and appropriated the strip of land designated as the canal line in the plat of 1833, occupying the whole of what was designated in the plat of 1832 as Washington street west of Cherry street, and about 1834 constructed the canal thereon and operated the same until 1874, when it was abandoned. The land in controversy lies in what was originally Washington street in the plat of 1832, but which was in the line of the canal in the plat of 1833, appellee claiming title through *mesne* conveyances from the canal trustees.

While the State acquired a fee simple estate and not a mere easement in the lands occupied and used in the construction of the canal (*Cromie* v. *Board, etc.,* 71 Ind. 208; *Water-Works Co.* v. *Burkhart,* 41 Ind. 364; *Nelson* v. *Fleming,* 56 Ind. 310); yet, where a public street was taken and used for the purposes of the canal, the original easement of the public in such street revived and attached upon the abandonment of the canal as such, and an abutting lot owner, although owning the fee in the street, could not quiet his title as against the municipality. *City of Logansport* v. *Shirk,* 88 Ind. 563; *Shirk* v. *Board, etc.,* 106 Ind. 573; *Shanklin* v. *City of Evansville,* 55 Ind. 240.

When the plat of 1832 was acknowledged and recorded it was clearly the intention of the landowners to dedicate a strip of ground to the public as Washington street. But the dedication could not become complete until this expressed intention was combined with an acceptance by the public. See *Steinauer* v. *City of Tell City,* 146 Ind. 490, and cases cited. It is true the acceptance by the public may

not take place until such time as the public interest may
require, and if in the meantime lots are sold with refer-
ence to the street as platted, the owner can not recall the
dedication.    Elliott on Roads and Sts. (2d ed.), §118 *et
seq.*    But it is not shown that the public accepted the strip
of ground as a street prior to the time the State took pos-
session of the particular strip for the purpose of the canal.
It does appear that no lots in the town had ever been sold
prior to that time.    There could have been no aceptance by
the public after the State took possession and built and
operated the canal.    As it is not shown that there was a com-
pleted dedication of Washington street at the time the State
took possession in 1833 for the purpose of the canal, it is
unnecessary to enter upon a discussion of the validity or ef-
fect of the alleged plat of 1833.    If it was not a public
street the State took an absolute fee simple title, and not
a mere easement.    As no public street had been taken, there
was no original easement of the public to revive and attach
upon the abandonment of the canal.    And this right of the
State to take such title was not dependent upon any prior
dedication of the strip of land for canal purposes by the
landowner.    If the land in question through which the canal
passed was not a public street, it was in no way material
whether the landowner did or did not dedicate a particular
strip for canal purposes.    The State took the fee as against
the landowner.    *Frank* v. *Evansville, etc., R. Co.,* 11 Ind.
132; *Blair* v. *Kiger,* 111 Ind. 193; *Water-Works Co.* v.
*Burkhart,* 41 Ind. 364.    See *Wolfe* v. *Town of Sullivan,*
133 Ind. 331.

As there was no public street before and at the time the
land was taken for canal purposes, and the canal was not
abandoned until 1874, it necessarily follows that any at-
tempted vacation of the street in 1848, by whatsoever au-
thority, was a nullity.    And it is found as a fact, from
1874 down to within a few days prior to this action, appel-
lant never made any claim that the land in dispute was a

part of a street, and that it was not used as such. It was proper to show that this land had been on the tax duplicate since 1874 and that the city had collected taxes thereon as a circumstance tending to show whether or not, since the abandonment of the canal, the city had claimed the particular land as a part of a street.

A witness who was a surveyor, and had surveyed the land in dispute and made a map of the same, testified as to certain measurements shown by the map. It is not claimed that the map, so far as it goes, is in any way incorrect. It is not shown that any harm could result to appellant by the introduction of this map in evidence in connection with the testimony of the witness.

The affidavit in support of the motion for a new trial because of newly discovered evidence has not been made part of the record by order of court or by any bill of exceptions. *Hoskinson* v. *Cavender,* 143 Ind. 1; *Aetna Ins. Co.* v. *Le-Roy,* 15 Ind. App. 49; *Close* v. *Pittsburgh, etc., R. Co.,* 150 Ind. 560; *Town of Fredericksburg* v. *Wilcoxen,* 158 Ind. 359.

Judgment affirmed.