WALMER ET AL. *v.* TOWN OF BREMEN.

[No. 14,827. Filed June 28, 1934.]

*Adam E. Wise, Walter Wise, John W. Kitch,* and *Don F. Kitch,* for appellants.

*Claude D. Carson,* for appellee.

DUDINE, J.—This is a suit for injunction instituted by appellee Town of Bremen against appellants.

The complaint alleged that appellants were using a portion of a certain street in said town as a front yard for their dwelling house erected next to and upon the north line of said street; that appellants have prohibited appellee's officers from improving said street, as public convenience necessitates. It prayed that appellants be enjoined from occupying and using said street for any and all purposes except the purpose of travel.

Appellants filed a demurrer to the complaint which demurrer was overruled. The ruling on said demurrer is not presented for review by this court, therefore we will not discuss it.

Appellants also filed a cross-complaint and an answer.

In the cross-complaint appellants alleged a chain of title in themselves which covered the part of said street occupied by them; they further alleged that the street was part of "Wanners Addition"; that although said addition was platted in 1875 before they (appellants) acquired the real estate, including said part of said street, the town did not accept the plat of said addition until 1905, which was after they (appellants) had bought said real estate; appellants also alleged facts to support a contention of adverse possession by them for thirty-three years, and prayed that their title be quieted as against the Town of Bremen, and that the Town of Bremen be enjoined from in any way interfering with their possession of said real estate.

Appellants' answer was in two paragraphs, the first being a general denial. The second paragraph of answer pleaded adverse possession. The issues were closed by general denials, and the cause was submitted to the court for trial.

The court found for appellee Town of Bremen on its

complaint "that the plaintiff should be and is entitled to a permanent injunction against the defendants (appellants) enjoining and prohibiting them from using . . . (said street) . . . except for the purpose of travel . . .".

The court further found for the cross-complainants (appellants) on their cross-complaint "that the fee simple title in and to the real estate in said street is quieted in the cross-complainants . . . with this burden, however, that the cross-defendant (Town of Bremen) has and holds an easement in and to said street for street purposes . . .".

Appellants filed a motion for new trial assigning as grounds therefor that the decision was not sustained by sufficient evidence, and that the decision is contrary to law, which motion was overruled.

The errors relied upon for reversal are: (1) error in overruling said motion for new trial; (2) error in overruling appellants' demurrer to appellee's complaint. Said second error is not discussed in appellants' brief, therefore it will be deemed waived.

There is evidence in the record which shows that a plat designated as "Wanners Addition to the Town of Bremen," which was duly acknowledged, was duly recorded by Christopher Wanner, the owner, on August 19, 1875. Said plat, among other things, showed a fifty-foot street along the north side of said addition, and within said addition. All the lots in said addition were sold and conveyed thereafter at various times from September 9, 1875, to August 3, 1878, and in all the deeds of conveyance the lots were described as lots with reference to said plat. On the same day the last of said lots were conveyed by the owner of said addition, he conveyed to Jacob Beyler, Jr., appellants' immediate grantor, a tract of real estate adjacent to said addition on the north side thereof. Jacob Beyler, Jr., conveyed

the tract to appellants on January 14, 1899. Shortly thereafter appellants erected a house, planted shade trees, erected fences and laid sidewalks near to and along what they thought was the south line of said tract.

On May 3, 1905, after said obstructions were placed in said street, the Town of Bremen by ordinance duly annexed said Wanners Addition, but did not open or improve said street until the fall of 1931.

At that time agents of the Town of Bremen, on authority of its town board, proceeded to open and grade said street. A survey was made which showed that appellants had inclosed part of the street with their fence, and were using part of said street as private property, and consequently the agents began tearing down said fence and removing the obstructions, where-upon appellants interfered. On account of said inter-ference this suit was filed. There was no evidence of any other survey having been made, nor that said sur-vey was faulty.

Appellants contend there must be a clear intention on the part of a dedicator of a public street to dedicate the ground to the public for use as a street to constitute a dedication, and cites *City of Hammond* v. *Standard Oil Co.* (1922), 79 Ind. App. 356, 138 N. E. 769; *Steinauer* v. *The City of Tell City et al.* (1896), 146 Ind. 490, 45 N. E. 1056. We agree with said contention, but we hold that the evidence clearly shows that Wanner, the dedicator, had such in-tention. In fact the evidence shows that he followed the procedure prescribed by 1 R. S. 1852, p. 490, for laying off additions to towns, which statute was in effect when said addition was laid off. Sec. 2 of said statute pro-vided:

> "Every donation or grant to the public . . . noted as such on the plat . . . shall be considered a general warranty to the said donee or grantee for the purposes intended by the donor or grantor."

Appellants further contend there must be an unmistakable acceptance by the donee or grantee to constitute a dedication and we agree; but the annexation of the addition in 1905 was a sufficient acceptance. (See *Murray* v. *City of Huntingburg* (1918), 187 Ind. 504, 119 N. E. 209, wherein the facts relative to time and other circumstances are similar to the case at bar.) See also *Interstate Iron and Steel Co.* v. *City of East Chicago et al.* (1918), 187 Ind. 506, 118 N. E. 958, wherein it is held that formal acceptance is sufficient.

The dedication of the street having been accepted by the Town of Bremen, it could proceed with the occupation and use thereof as public convenience required. "Whenever a new town (or addition) is laid out, it is not expected that all the streets and parks will be needed by the public at once. Acceptance by use and improvement whenever the growth of the town (or addition) demands it will be sufficient." 9 Amer. and Eng. Encycl. Law (2nd Ed.) 50. See also *Hall* v. *Breyfogle* (1904), 162 Ind. 494, 70 N. E. 883; *McCarty* v. *City of Frankfort* (1920), 74 Ind. App. 551, 557, 129 N. E. 334; *Town of Lakeview* v. *LeBahn* (1886), (Ill.), 9 N. E. 269.

Wanner having sold lots in said addition, the dedication was irrevocable. *Rhodes* v. *Town of Brightwood* (1896), 145 Ind. 21, 43 N. E. 943; *Hall* v. *Breyfogle, supra; Huntington* v. *Townsend* (1902), 29 Ind. App. 269, 63 N. E. 36. Therefore, even though it be assumed that appellants' deed included part of said street, they could not claim it, because Beyler, their immediate grantor, acquired such interest in the real estate described in his deed, which Wanner, his grantor, had, and appellants' grantor could not convey more to appellants than he had acquired. See *Haynes* v. *Thomas* (1855), 7 Ind. 38, 43.

Appellants also contend that Chapter 14, Acts 1867, prescribed that said plat should have been transferred for taxation by the auditor before it was recorded, that there is no evidence showing that that was done. Said statute did so prescribe, but it did not make such transfer a condition precedent to the legality of the plat. It was an Act separate and distinct from the Acts regulating the platting of towns or additions thereto. Therefore the absence of evidence showing such transfer does not affect this appeal.

The evidence referred to was sufficient to sustain the decision, and the decision was not contrary to law.

Judgment affirmed.

Curtis, J., concurs in result.